## BETTY LEE v. MANFRED B. LEE

26 So. (2nd) 177     ·     January Term, 1946

May 24, 1946        Division A

Rosenhouse & Rosenhouse, for appellant.

Rosco & Esslinger, for appellee.

BUFORD, J.:

On September 22, 1939, the parties hereto being husband and wife, entered into a separation agreement wherein a division of property was made between the parties. Then, on January 1, 1941, the parties entered into a supplemental agreement wherein it was contemplated that the husband and wife should live separate and apart from one another and wherein it was· agreed that the husband at certain times would pay over to the wife stated amounts of money for the support and maintenance of herself and the two children of their marriage and that the wife should have the custody and control of the children. It was further agreed that in the event of divorce the terms of this agreement would be embraced in the final decree and that both parties would abide by the same.

Later the wife filed proceedings for divorce in Dade County, Florida, and on May 16th 1941 final decree was entered in favor of the wife in which final decree the agreement between the parties dated January 1, 1941, was approved and ratified and made a part of said decree by order of the court, the agreement being set out in that decree in haec verba. After setting forth the agreement between the parties, the decree stated:

"With the exception of the terms, conditions, covenants, agreements and stipulations, as hereinabove set out, the plaintiff is hereby denied any rights of alimony, attorney's fees or costs of this suit, as well as any rights of property, whether same be real or personal, in and to the separate estate of the Defendant, and the plaintiff, Betty Lee, and the defendant Manfred B. Lee, are hereby permanently enjoined from claiming any rights of property, or any other claims, demands, causes of action, inheritance or descent that each may have or have had against the other by virtue of the marriage between the parties herein divorced."

On February 5, 1944, the wife filed her petition for modification of the final decree under the provisions of Section 65.15 Florida Statutes 1941, (same F.S.A.) and prayed that the final decree be so modified as to require the husband to pay her $250.00 per week instead of $120.00 per week as was pro-

vided in the separation agreement and in the final decree. That part of the separation agreement and the final decree which is pertinent to this controversy is as follows:

"THIRD; Commencing January 1, 1941, the husband shall, during his life, until the wife shall remarry, pay or cause to be paid to the wife weekly for her support and maintenance, and for the support, maintenance and education of said two children the sum of money hereinafter in this paragraph provided, by sending the same directly to the wife on Monday of each and every week, or if the wife should so direct, by depositing the same on Monday of each and every week to the order of the wife in any bank or trust company or with any individual whom the wife from time to time may designate in writing addressed to the husband.

"(a) On January 1, 1941, and on January 1st in each and every year thereafter and so long as this Agreement is in effect, the husband shall deliver to the wife a statement of his net earnings for the twelve month period preceding such date, showing the sources and amounts of such gross earnings together with a statement of agent's commissions and business expenses deducted from such earnings or paid by the husband during such period and a statement of Federal and State income taxes paid by the husband during such period. This annual statement of earnings (except as hereafter otherwise provided) shall be used in determining the amount to be paid weekly by the husband to the wife during the calendar year commencing immediately after the twelve month period covered by such statement.

"(b) If during the twelve month period covered by such statement the husband's annual net earnings are $7,000.00, then the husband shall pay to the wife $70. weekly during the calendar year immediately following such period. For each $1,000, increase in the husband's annual net earnings, over and above $7,000., the husband shall pay to the wife for the succeeding calendar year $10 a week more than the $70. weekly payments herein above provided, and for each $1,000. decrease in the husband's annual net earnings of $7,000., the husband shall pay to the wife for the succeeding calendar year $10. a week less than the $70. hereinabove provided;

provided, however, that in no event and irrespective of such earnings shall the husband be obligated to pay the wife more than $120. a week during any annual period and provided further that the husband shall in no event and irrespective of such earnings pay the wife less than $40. a week during any annual period. The following schedule indicates the weekly amounts to be paid by the husband to the wife during any calendar year beginning January 1st, (but not before January 1, 1941) based upon the earnings of the husband for the year ending the preceding December 31st.

| Earnings of the husband for the calendar year ending December 31st. | Weekly amounts payable to the wife, for the Following Calendar Year commencing January 1st. |
| --- | --- |
| $12,000.00 (or more) | $120.00 |
| 11,000.00 | 110.00 |
| 10,000.00 | 100.00 |
| 9,000.00 | 90.00 |
| 8,000.00 | 80.00 |
| 7,000.00 | 70.00 |
| 6,000.00 | 60.00 |
| 5,000.00 | 50.00 |
| 4,000.00 (or less) | 40.00 |

"(c) In determining the amounts to be paid by the husband to the wife, his net earnings during each annual period ending December 31st shall measure the weekly payments to be paid the wife during the next annual period beginning January 1st.

"(d) For the purpose of computing the amounts payable to the wife, the annual net earnings of the husband shall mean his gross annual earnings from all sources, less agent's commissions and business expenses deducted from such earnings or paid by the husband during such period and less Federal and State income taxes paid by the husband during such period. In fixing the husband's annual earnings in classifications of thousands of dollars, a balance of $800.00 or more shall be deemed to be $1,000. and a balance of less than $800, shall be ignored in making the classification."

Answer to the petition for modification was filed by the husband. Testimony was taken and on hearing the court entered its finding and judgment which is, inter alia, as follows:

"In the month of September, 1939, the parties entered into a 'separation agreement,' under which some accounting of the assets of the defendant was to be made, and on September 1, 1940, an accounting was made and the plaintiff acknowledged receipt of what amounted to one-half of all of the assets of defendant. By a further agreement dated January 1, 1941, the original agreement was further amended and the part now sought to be changed is that part of the 1941 agreement, designated as Paragraph Third Section 'b', which was in effect as follows: That if the defendant's earnings amounted to $4,000.00 or less, he was to pay the plaintiff $40.00 per week, and that sum was graduated so that when his earnings increased $1,000.00 each year he was to increase the weekly payment $10.00, within a limit of payment of $120.00 per week when the earnings amounted to $12,000.00, or more, per year.

"The testimony shows that sometime ago the defendant's earnings reached the point where he was required to pay the maximum under the agreement and that at all times the payments have been promptly made. The plaintiff contends that with the increase in the cost of living and the change in the Federal Income Tax Law requiring her to pay income tax on moneys paid to her, the sum now received by her is insufficient to maintain herself and the two children of the parties.

"The court has considered all of the testimony of the plaintiff and the defendant taken before the court, together with the exhibits filed, and being duly and fully advised in the premises, it is thereupon

"ORDERED, ADJUDGED AND DECREED that the petition of the plaintiff be and the same is hereby denied."

If there were involved here only the question of maintenance money for the former wife, appellant here, we should not hesitate to affirm the decree of the Chancellor, because the only logical construction which can be placed on the

agreement of January 1st 1941 is that thereby the then husband and wife forever settled between themselves the question of what the then wife should receive from the then husband as and for support and maintenance, regardless of any future change in the fortunes or misfortunes or in the status of either, except as therein specifically provided. Then the divorce decree of May 16th 1941 definitely approved and confirmed the terms of that agreement and specifically enjoined the plaintiff in that suit from prosecuting thereafter any other claims in this regard against the defendant.

So, she was estopped by the terms of her contract and by that final decree from claiming any relief against the defendant in her own behalf, not contemplated by that contract and decree. This condition, however, does not apply to the status of the two minor children during their respective minorities. We know of no rule of law by which a father may by contract obviate or impair his obligation to support his minor children, except possibly by a contract with the duly appointed Guardian of such children when such contract with such Guardian shall have been ratified and approved by a court of competent jurisdiction. Of course the extent of this obligation and the manner of its enforcement is subject to being fixed by a court of competent jurisdiction.

It appears to us that the children involved in this case are entitled to a more generous provision for support and maintenance from the father who now earns some $40,000.00 a year than that which was provided when he earned only $12,000.00 a year. The decree provided the wife should receive from the husband for the support and maintenance of herself and the two children when the husband's income amounted to $12,000.00 or more per annum the sum of $120.00 per week. The record shows that the income reached that amount shortly after the decree was entered and has continued to increase.

So our conclusion is that the petitioner should have been granted some increase in the weekly allowance to her for the benefit of the two minor children.

Our view is that upon the showing made in the record the Chancellor should have required the respondent to pay

the petitioner an additional sum of $30.00 per week for the benefit of the minor children, thereby making the total payments required to be made by respondent to petitioner the sum of $150.00 per week instead of $120.00 per week as now and heretofore required.

We direct that the final decree herein be so modified and when so modified it shall stand affirmed.

So ordered.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.