PER CURIAM.
The facts found by the chancellor are not challenged:
“Muriel Margolis filed in this court what is designated as a ‘Petition to Supersede Support Provisions of Foreign Decree’. It was filed on March 31, 1960, and alleged that the plaintiff was a resident of Florida and that by a decree of divorce dated May 9, 1955 and entered by a court of competent jurisdiction in Allentown, Pennsylvania, she was divorced from the defendant. It averred that ‘pursuant to said decree of divorce, a separation agreement dated January 7, 1955, was incorporated therein and made a part thereof.’ That under the terms of the decree and separation agreement, she received custody of the two minor children of the marriage and that the set *2 tlement agreement required the defendant pay to the plaintiff the sum of $75.00 per week for a period of five years’commencing. March 31, 1955 for the support of the children, and that the decree and agreement provided that after the five year period, which expired on March 31, 1960, the weekly child support payments should be reduced to $50.00 per week.
“The petitioner charged that she was without funds other than a small savings account obtained from the sale of the family home, and her present take-home pay of $44.00 per week, and was completely dependent upon the $75.00 a week for the support of the children. As a result of the many expenses involved in raising the children she had been unable to manage on her salary and weekly child support and had been required to deplete her savings account and call upon her parents for contributions to meet her needs and the needs of the children.
“The defendant’s financial situation on the other hand was said to have been considerably improved since the execution of the agreement and the rendition of the final decree and he was far more able to support the children today than he was five years ago, and that it was well within his present financial means and ability, not only to continue paying the $75.00 a week which he had paid for the past five years, but to increase it to a greater sum.
“The defendant took the position that the decree of divorce did not contain any provisions as to custody and did not incorporate therein any provisions or any agreement requiring him to pay the support money and the only agreement between the parties was contained in the separation agreement dated January 7, 1955, whereby he agreed to establish a trust, and the plaintiff waived all rights to change, modify and increase the payments provided therein, and in the absence of any allegations of fraud and the like, there was no basis for the revision or modification of the agreement between the parties.
“By an amended petition, the plaintiff alleged that on January 7, 1955 in contemplation of divorce, but not contingent upon the obtaining of the divorce, the parties entered into a separation agreement, and that a court of competent jurisdiction, by its decree, divorced them and that under the terms of the separation agreement the defendant was to pay the plaintiff $75.00' a week for a period of five years commencing March 31, 1955, for the support of the children, and that after such five year period the weekly child support was to be reduced to $50.00. She again alleged that she was without other funds and that she was completely dependent upon the $75.00 a week; that the defendant’s financial circumstances had considerably improved and that he was well able to continue paying the $75.00 and an even greater sum. She prayed that the court enter a decree superseding so much of the decree of divorce and separation agreement, as provides for the reduction of the child support, with an appropriate increase of same, commensurate with the defendant’s changed circumstances and financial ability to support said children; in addition that he be required to pay reasonable attorneys’ fees and court costs.
“The defendant answered denying the material allegations of the petition and alleged that the separation agreement was not contained in the decree of divorce and there were no provisions in the divorce to be superseded. He said that the court was without power to modify the agreement, as he was a non-resident of Florida.’’
Having determined that it had jurisdiction to proceed, the court decreed as follows :
*3 “The court feels that the defendant’s support of the two girls ought to be increased to $100.00 a week, commencing as of this date; with the additional provision that the defendant pay to the plaintiff in cash, a lump sum of money computed at the rate of $25.00 a week from the expiration date of the original contract to pay $75.00 until this date. Stated differently, the defendant shall pay the plaintiff a lump sum of $25.00 a week additional from January 7, 1960 (the expiration date of the 5-year period provided in the separation agreement) until the date of this decree and henceforth and until further order of the court, he will pay $100.00 a week.”
The appellant has presented two points: (1) § 65.15, Fla.Stat, F.S.A., cannot be used to give the courts of Florida the right to modify an agreement made by non-residents in a foreign state; and (2) the increase in support payments is against the weight of the evidence regarding the financial status of the former husband, and the chancellor ignored the fact that a trust was established by the defendant which could be used as a source of support for the children.
The chancellor correctly held that the court had jurisdiction of the subject matter. Lopez v. Avery, Fla.1953, 66 So.2d 689. We have reviewed the record in the light of the arguments presented under appellant’s second point and we conclude the evidence substantiates the findings of the chancellor. We affirm.
Affirmed.