Chief Judge Desmond.
This is the question: when these parties in 1944 entered into a separation agreement providing $100 per month for the wife (plus an additional amount for the then infant child), which agreement stipulated that it might be incorporated into a divorce decree if one were afterwards made, and stipulated also that the separation agreement should not be considered as merged in the divorce decree or cancelled thereby; and when the wife thereafter obtained a divorce judgment which provided the same amount of alimony as fixed in the agreement, may the court on motion now modify the divorce decree by increasing the alimony to the wife on her showing that, particularly because of her condition of health and heavy medical expenses and because she has no other sources, $100 is inadequate for her basic support, or is such action by the court inhibited because the separation agreement, valid when made, remains binding as to the amount of alimony?
Special Term answering our question in the affirmative granted the motion and increased the wife’s monthly allowance to $350. The Appellate Division unanimously took the contrary view, reversed on the law and denied the motion, citing Schmelzel v. Schmelzel (287 N. Y. 21) and Goldman v. Goldman (282 N. Y. 296). Defendant relies on Schmelzel as a complete answer to the motion. Plaintiff cites sections 1155 and 1170 of the former Civil Practice Act (now Domestic Relations Law, § 236) and former section 51 of the Domestic Relations Law (now General Obligations Law, § 5-311) as authorizing the modification.
We hold that a separation agreement valid and adequate when made and which contains a nonmerger agreement continues to bind the parties when its terms as to support have been written into a subsequent divorce judgment but that this does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards *285 should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge (Fox v. Fox, 263 N. Y. 68, 70; Karlin v. Karlin, 280 N. Y. 32; Kyff v. Kyff, 286 N. Y. 71; Jackson v. Jackson, 290 N. Y. 512; Lynn v. Lynn, 302 N. Y. 193, 204; Hettich v. Hettich, 304 N. Y. 8, 14; Kunker v. Kunker, 230 App. Div. 641; Meyer v. Meyer, 5 A D 2d 655). Furthermore, since the husband’s obligation to support his wife continues after divorce any separation agreement relieving him of his obligation or construed or applied so to relieve him is void under former section 51 of the Domestic Relations Law (Kyff and Jackson decisions, supra, also Haas v. Haas, 298 N. Y. 69). Parallel and congruent are these rules: first, that support agreements covered into divorce judgments are valid and binding until set aside for ab initio invalidity (Galusha v. Galusha, 116 N. Y. 635; Winter v. Winter, 191 N. Y. 462; Schmelzel v. Schmelzel, 287 N. Y. 21, supra); second, that subsequent decree modifications leave the prior nonmerged support contract still in existence qua contract (Goldman v. Goldman, 282 N. Y. 296, supra, and Holahan v. Holahan, 274 App. Div. 846, affd. 298 N. Y. 798). There must, therefore, be a reversal here and, since the Appellate Division’s reversal of Special Term was on the law, a remand to the Appellate Division to pass on the facts.
The Appellate Division in reversing and denying the motion in toto wrote an opinion in which it pointed out that in 1944, prior to the entry of the divorce judgment, the parties had entered into a separation agreement which provided among other things for the payment by the husband to the wife of $100 per month for her support. The Appellate Division’s ground for decision was stated thus: “ A divorce decree may not be amended so as to provide alimony payments to the wife in excess of those fixed by the parties in a separation agreement where the amount of the alimony is incorporated in the decree and where the agreement is not merged in the decree (Schmelzel v. Schmelzel, 287 N. Y. 21; Goldman v. Goldman, 282 N. Y. 296).” The Appellate Division’s statement that this separation agreement was not merged into the divorce judgment is clearly correct and is based on a provision in the separation agreement which in a customary form says that nothing contained in the separation agreement shall bar either party from maintaining *286 a divorce suit against the other provided, however, that the terms and provisions of the separation agreement may be incorporated in such decree and shall not be merged therein or can-celled thereby but shall be considered to be an independent agreement. The court trying the divorce action had admitted the earlier separation agreement in evidence and had inserted in its judgment the same terms as to support found in the agreement, but without expressly ratifying or confirming that covenant. This same practice was followed in the Goldman (282 N. Y. 296, supra) and Holahan (298 N. Y. 798, supra) cases and was held in those cases to permit subsequent modification because of necessitous later-developing facts, but not to revoke or destroy the earlier agreement as such.
Such difficulty as there is in finding and applying the applicable rules of law in a case like this derives from a seeming, not real, illogic or contradiction in holding that, although the agreement was valid when made and was at least impliedly approved by the divorce court, nevertheless the judgment’s terms may be modified in the event of real, dire need although the agreement itself is unassailable. The difficulty has not been lessened by the language and reasoning in some of the decisions. Nonetheless, the rules themselves emerge clear and distinct, and rooted in fundamentals of our law.
Throughout the country (see decisions collected at 58 A. L. R. 639 et seq., and 109 A. L. R. 1068 et seq.), a court which has the power to modify the alimony provisions of a divorce judgment in case of proven need is not shorn of that power because there exists a prior separation agreement fixing a lesser measure of support for the wife. And such has always been the law of New York (Severance v. Severance, 260 N. Y. 432; Salmon v. Salmon, 261 N. Y. 646; Goldman v. Goldman, 282 N. Y. 296, supra; Kyff v. Kyff, 286 N. Y. 71, supra; Holahan v. Holahan, 274 App. Div. 846, affd. 298 N. Y. 798, supra). The statements in the Galusha (116 N. Y. 635, supra), Goldman (282 N. Y. 296, supra), Schmelzel (287 N. Y. 21, supra) and Jackson (290 N. Y. 512, supra) cases to the effect that so long as the separation agreement remains unrevoked its terms control must be read with the actual outcome of the Goldman, Holahan and similar litigations and with the statements in many other cases (see Lynn v. Lynn, 302 N. Y. 193, 204, supra, and Hettich v. Hettich, 304 *287 N. Y. 8, 14, supra) that while a separation agreement may have survived, and not been merged into, a divorce, its mere continued existence and validity does not prevent later court modification of the support terms when need appears.
The New York courts have always had power to modify the alimony set by a divorce judgment. In older times, the power was usually reserved by language in the judgment itself (Fox v. Fox, 263 N. Y. 68, 70, supra). Later on, the statutes which became sections 1155 and 1170 of the Civil Practice Act (and later, in general substance but quite different language, part of Domestic Relations Law, § 236) wrote into every divorce decree a reservation of power to modify when the facts so warranted (Karlin v. Karlin, 280 N. Y. 32, 36, supra). The basic theory is that the husband’s duty to support his wife is continued in the form of alimony which is subject to recalculation to fulfill that duty (Fox v. Fox, 263 N. Y. 68, 70, supra). The relevance of separation agreements is thus explained in the Schmelzel opinion (287 N. Y. 21, 26, supra, quoting from Goldman v. Goldman, supra): “ ‘ Such agreements, lawful when made, will be enforced like other agreements unless impeached or challenged for some cause recognized by law. It is not in the power of either party acting alone and against the will of the other to destroy or change the agreement.’ ” But that concept did not stop the court in Goldman’s case (282 N. Y. 296, supra) from reducing the alimony without destroying the agreement (see, also, Kyff v. Kyff, 286 N. Y. 71, supra, and Kunker v. Kunker, 230 App. Div. 641, supra). In Goldman this court pointed out (p. 305) “ that the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation.” The Kyff and Holahan holdings (supra) apply the same idea and so reject the principal argument of our present defendant-respondent which he states thus: ‘1 The court may not modify a valid separation agreement incorporated in a divorce decree when such agreement is not merged in the decree.” Of course, where there is a merger or incorporation of the earlier agreement into the judgment there is no doubt at all of the court’s full power to deal with alimony in the original decision or on modification. However, that is not the position here. Various of the decisions in this court earlier cited herein show that where the separation *288 agreement contains a nonmerger stipulation the fact that the contract is exhibited to the divorce court and that the court embodies its terms in its judgment does not result in such an incorporation or merger as to wipe out the agreement.
If we were to deny modification power when pressing need therefor later appears, we would be construing this separation agreement as meaning that so long as he paid $100 every month defendant could not be made to carry the unescapable duty which is his, not consensually but by common law and statute, to provide support for the wife. That continuing duty cannot be escaped .by reliance on any contract and any agreement so written, construed or applied is invalid (General Obligations Law, § 5-311, formerly Domestic Relations Law, § 51).
Since the case must be returned to the Appellate Division which has not yet passed on the facts, we will discuss the proofs but to the extent only of holding that plaintiff made out a prima facie case for modification. Her motion was made on affidavits which asserted that she is in bad health and unable to work and that her expenses (including current medical expenses of more than $50 a week) far exceed the $100 per month alimony allowed in the 1945 divorce decision. When the $100 a month admeasurement was made the husband was earning a small salary and the wife had some earnings of her own but she has not been able to work since 1962 because of a serious impairment in health, as confirmed by her physician’s affidavit. Defendant prospered and is able to pay higher monthly alimony. Plaintiff’s affidavit included a schedule of allegedly necessary living expenses totaling $530.66 monthly and alleges that she owes about $1,200 in various debts. Defendant did not directly dispute any of plaintiff’s allegations but took the attitude that, regardless of changed circumstances, the separation agreement as matter of law permanently fixed the alimony. It will be for the Appellate Division on remand to set such a figure “ as justice may require ”, taking into account, as all alimony determinations must, all relevant factors including the circumstances of both.parties (Phillips v. Phillips, 1 A D 2d 393, affd. 2 N Y 2d 742; Winkler v. Winkler, 13 A D 2d 924, affd. 11 N Y 2d 693). A wife is not entitled to a share of her husband’s income as such nor is there a right to escalation as the husband prospers but she must have minimum support.
*289 It is of significance that, when in 1962 former sections 1155 and 1170 of the Civil Pnactiee Act and other statutes were transmuted into section 236 of the Domestic Relations Law, there was a change in language as to the court’s powers in fixing alimony. Section 1170 of the Civil Practice Act had empowered the court after a divorce judgment to modify 66 as justice requires ” the judgment’s directions for the former wife’s support. Section 236 of the Domestic Relations Law says that in the judgment or by an order u before or subsequent to final judgment ” the court ‘ ‘ may direct the husband to provide suitably for the support of the wife as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” That is indeed a broad grant of discretionary power, and it was so intended by the Legislature (see 1962 Report of Joint Legislative Committee on Matrimonial and Family Laws, N. Y. Legis. Doc., 1962, No. 34, p. 309, which says that proposed section 236 “ unifies and broadens the discretion of the court in all classes of matrimonial actions ”). However — to repeat — the modification to be legal must give the wife no more than she needs for her basic requirements.
The order should be reversed, with costs in this court and in the Appellate Division, and the case returned to the Appellate Division for determination on the facts.