252 So.2d 809 (1971)
Donald Headdon LANG, Appellant,
v.
Barbara Roll LANG, a/K/a Barbara Roll Stroud, Appellee.
No. 70-955.
District Court of Appeal of Florida, Fourth District.
September 28, 1971.
*811 Anthony V. Pace, Jr., Fort Lauderdale, for appellant.
Edward J. Marko, of Shaw, Marko, Stephany & Lyons, Fort Lauderdale, for appellee.
MAGER, Judge.
This is an appeal from a modification of a final decree for divorce. On the basis of appellee-wife's petition for modification the court below increased child support payment; gave each party the right to declare one of their two children as a tax exemption; and awarded attorney's fees to appellee.
Prior to their divorce in Florida, the parties and their two minor children resided in the State of New York. In 1961 the parties separated and entered into a separation agreement fixing their respective rights which included a provision for child custody and support. In 1962 the parties entered into a supplementary agreement which reduced the appellant's payments for the maintenance of the wife and support of the children. In 1963 the wife filed for divorce in Florida. After finding that the court had jurisdiction over the parties the court, on May 14, 1963, entered a final decree of divorce for the appellee. The final decree directed that the parties carry out the provisions of the aforementioned separation agreements; the order set forth the specific amounts that the appellant should pay to the appellee which amounts were those previously contained in the supplementary separation agreement.
On September 21, 1970, based upon allegations of the needs of the minor children the court granted appellee's petition for modification increasing the support of each minor child from $100.00 per month to $150.00 per month.
The order of the court, therefore, not only modified the divorce decree entered in 1963 but had the effect of modifying the provisions of the separation agreement entered into prior to the divorce.
It is the appellant's contention that the trial court was without authority to enter an order modifying the amounts contained in the separation agreement inasmuch as the rights of the parties were fixed thereby; appellant further contends that the trial court erred in failing to construe the separation agreements in accordance with the laws of the State of New York. The separation agreements contained provisions to the effect that the rights of the parties would be governed by the laws of the State of New York and that the agreements could not be modified "other than in writing signed by both parties".
No citation is needed for the principle that the decree of the chancellor comes to this court on appeal with a presumption of correctness. A party who challenges the correctness of increased allowance of child support has the burden of demonstrating on record an abuse of discretion. McKenna v. McKenna, Fla. App. 1969, 220 So.2d 433. It is a fundamental proposition that the welfare of minor children is the concern of the state in which the child may reside or be domiciled. State ex rel. Galen v. Kuhl, Fla. App. 1958, 103 So.2d 225. In furtherance of this proposition the legislature enacted F.S. Section 61.14, F.S.A., which permits either party to apply to the circuit court of the circuit in which the parties resided at the date of application for the modification of any agreement for the payment of support, maintenance or alimony where "the circumstances of the parties or the financial ability of the husband has changed since the execution of such agreement * * *". It has been held that this statute becomes a part of all contracts or agreements between the parties to the same extent as if written therein in haec verba. Ohmes v. Ohmes, Fla.App. 1967, 200 So.2d 849.
*812 The fact that the settlement agreements in question contained a provision requiring written consent of the parties to modify and were executed in the State of New York does not and cannot divest a court of the authority to modify such agreements where the welfare of minor children is concerned. In Sedell v. Sedell, Fla.App. 1958, 100 So.2d 639, the court specifically held that provisions of a separation agreement or final decree relating to the support, care and custody of children are always subject to review and approval by the court, the guiding star being the best interests and welfare of the children. See also Lee v. Lee, 1946, 157 Fla. 439, 26 So.2d 177; McKenna v. McKenna, supra; Rieder v. Rieder, Fla.App. 1963, 157 So.2d 93; Lopez v. Avery, Fla. 1953, 66 So.2d 689; Stanley v. Stanley, 1947, 158 Fla. 402, 28 So.2d 694; and Margolis v. Margolis, Fla. App. 1962, 141 So.2d 1.
In Lee v. Lee, supra, the Supreme Court of Florida, in permitting a modification of a separation agreement, clearly stated that "we know of no rule of law by which a father may by contract obviate or impair his obligation to support his minor children". The welfare of minor children is of such paramount importance as to constitute an integral part of any separation agreement; every separation agreement must be construed in light of this basic principle. Not only is this principle implicit in the separation agreement but additionally it transcends any contractural provision in derogation thereof. For this principle to be applicable it makes little difference whether such an agreement was executed in this state or any other state. Where the court has jurisdiction over the parties, as in the case sub judice, interpretation or modification of a separation agreement affecting the welfare of children is not only permissible but obligatory where the circumstances so indicate.
If we were to accept the appellant's contention that the law of New York should govern we would still reach the same conclusion consistent with New York law. In McMains v. McMains, Ct. of Appeals N.Y. 1965, 15 N.Y.2d 283, 258 N.Y.S.2d 93, 206 N.E.2d 185, it was held that even where a separation agreement contains a nonmerger provision, i.e., the agreement being deemed to be independent of the divorce decree, the court is not prevented from later modifying the divorce decree (and separation agreement) where the circumstances justify such modification. The decision in McMains is particularly noteworthy in that the court's modification dealt solely with an increase in alimony for the wife and was not even concerned with the question of the welfare of minor children. In the very recent case of Kern v. Kern, 1970, 65 Misc.2d 765, 319 N.Y.S.2d 178, the Family Court of the City of New York clearly stated that the basic right of the minor child to be supported by its parents is not affected by an agreement between the parties with respect to such obligation; "children are not chattels whose rights can be bargained away by parents"; such agreements will be evaluated with the best interests of the child as its criteria.
Therefore, even applying New York law, it is our opinion that it was within the discretion of the trial court to enter an order of modification increasing child support payments. Cf. Posner v. Posner, Fla. 1970, 233 So.2d 381.
We are of the view, however, that the trial court exceeded its authority in granting the appellee the right to declare one of her two children as a tax exemption for the taxable year 1970 and each taxable year thereafter. Under the terms of the separation agreements heretofore mentioned, which the trial court in its final decree of divorce directed the parties to carry out (except as modified by the order appealed herein), the appellant was entitled to claim the children as dependents on his income tax return unless the appellee could demonstrate that she furnished more than one-half of the support of each child. At first blush it may seem that all the trial court undertook to do was merely to modify *813 one other aspect of the separation agreement relating to support of minor children. However, a closer examination of such modification reveals that the trial court has in effect modified the provisions of the Internal Revenue Code pertaining to allowable deductions for dependents. The question of whether a party is entitled to deductions for personal exemptions for minor children is dependent upon proof that the taxpayer's expenditures in support of each child exceeded one-half of the total support provided for each child in each taxable year. (See 26 U.S.C.A. §§ 151-153; see also Section 152(c) relating to multiple support agreements). We are not aware of any authorization for a state court to alter the provisions of the Internal Revenue Code. The determination of exemption depends upon actual support expenditures rather than the provisions of a separation agreement or judicial modification thereof. Brown v. C.I.R., 1967, 48 T.C. 42; Seraydar v. C.I.R., 1968, 50 T.C. 756. (See also cases annotated under 26 U.S.C.A. §§ 151-153, supra.)
Accordingly, whether either appellee or appellant "shall have the right to declare one child as a tax exemption" is to be determined by the applicable provisions of the Internal Revenue Code and not by the terms of the order for modification.
We are also of the opinion that the trial court erred in awarding attorney's fees to appellee in connection with appellant's motion to rehear the order of modification granted in favor of the appellee. The law is well established in Florida that costs, expenses and attorney's fees cannot be awarded by a court in a suit unless such award is authorized by statute or by agreement of the parties. Gullette v. Ochoa, Fla.App. 1958, 104 So.2d 799. F.S. Section 61.15, F.S.A., authorizes the award of attorney's fees "when an action is brought for the purpose of enforcing a judgment or order for the payment of alimony or support for children". Appellee's petition for modification cannot be construed as constituting "an action * * * for the purpose of enforcing a judgment or order" within the meaning of Section 61.15; nor can appellant's motion to rehear the court's order granting modification transform appellee's original action into one for which an attorney's fee is allowable under Section 61.15. Graves v. Graves, Fla.App. 1959, 115 So.2d 451; Luedke v. Behringer, Fla.App. 1962, 143 So.2d 218; Terry v. Terry, Fla.App. 1961, 126 So.2d 890; Libberton v. Libberton, Fla.App. 1970, 240 So.2d 336; Thompson v. Thompson, Fla.App. 1969, 223 So.2d 95. A proceeding on rehearing, when timely filed, is a part and a continuation of the original proceeding. Cocalis v. Cocalis, Fla.App. 1958, 103 So.2d 230. Therefore if the wife initiates an action for the modification of a final divorce decree for which she is not entitled to attorney's fees, then a fortiori she would not be entitled to attorney's fees in defense of the husband's timely rehearing of an order granting such modification.
We further find no abuse of discretion by the trial court in denying appellant's petition for rehearing of the order of modification.
To the extent that the trial court's order increases child support payments and denies rehearing, it is affirmed. To the extent that the trial court's order determines the status of minor children for income tax exemption purposes and awards attorney's fees to appellee such order is quashed. The trial court is directed on remand to modify its orders consistent with this opinion.
Affirmed, in part; reversed, in part.
REED, C.J., and OWEN, J., concur.