383 So.2d 700 (1980)
Robert L. TURNER, Appellant,
v.
Evabel M. TURNER, Appellee.
No. 78-2288.
District Court of Appeal of Florida, Fourth District.
April 30, 1980.
Rehearing Denied June 4, 1980.
*702 Warwick, Campbell, Dickenson & Hewitt, Palm Beach, and Larry Klein, West Palm Beach, for appellant.
Charles F. Clark and Claude H. Tison of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
HERSEY, Judge.
Robert L. Turner appeals from a final judgment denying his petition for modification of alimony established by a property settlement agreement.
The parties were divorced in 1964 after approximately thirty-four years of marriage. They entered into a property settlement agreement which was incorporated into the final divorce decree. Under the agreement the wife was to receive as permanent alimony the sum of $3,150.00 each calendar quarter, or an amount equivalent to dividends paid on certain escrowed stock, whichever was greater. The husband was required to place shares of stock in trust and, in the event he defaulted in making alimony payments, the dividends on those shares would be available to the wife. The original twenty-one thousand shares placed in escrow had increased at the time of the final hearing on the petition for modification to ninety-four thousand five hundred shares. Thus, the income generated by dividends and inuring to the wife's benefit had increased from $14,000.00 in 1964 to approximately $98,000.00. Wife's separate income increased during that same period and her total net worth increased to in excess of $3,000,000.00. During the same period, husband's income and net worth increased proportionately.
Denial of the petition was based upon a finding that the relative positions of the parties had not significantly changed and, as to the insignificant change, it had been intended by the parties and was foreseeable by them at the time the agreement was executed.
The relative change of circumstances test which the trial court applied is not that change of circumstances contemplated by the statute. It is now rather firmly established that a change in the circumstances of either party may require modification of alimony. Thus, in Goldin v. Goldin, 346 So.2d 107, 109 (Fla.3d DCA 1977), the court stated:
A complete termination of alimony is both authorized and required under the statute where there has been a sufficiently substantial change in financial circumstances on the part of one or both parties to the marriage dissolution. Anderson v. Anderson, 333 So.2d 484 (Fla.3d DCA 1976); Craig v. Craig, 298 So.2d 189 (Fla.1st DCA 1974); Schlapik v. Schlapik, 329 So.2d 379 (Fla.3d DCA 1976).
Refusal to grant such a petition under appropriate circumstances will be considered an abuse of discretion. Goldin v. Goldin, supra. In sum, if the circumstances of the payor party change so that it is no longer economically feasible for that party to make the payments, then modification may be required. On the other hand, if the payor party becomes wealthy while at the same time the payee party becomes self-supporting and self-sufficient, then again a petition for modification should be granted. This is so because true alimony is based upon the needs of one party and the concomitant ability of the other party to pay. Absent either factor (not necessarily both), alimony is inappropriate.
We are not unmindful of the obligation of an appellate court to affirm "if the record as a whole discloses any reasonable basis, reason or ground on which the judgment can be supported." Firestone v. Firestone, 263 So.2d 223 (Fla. 1972). In that case, this rule was enunciated in the following language:
In other words, the findings of the lower court are not necessarily binding and controlling on appeal and if these findings are grounded on an erroneous theory, the judgment may yet be affirmed where appellate review discloses other theories to support it. See In Re Estate of Yohn, Fla. 1970, 238 So.2d 290; Goodman v. Goodman, Fla.App. 1967, 204 So.2d 21; Bambrick v. Bambrick, Fla.App. 1964, 165 So.2d 449. Id. 225.
*703 Accordingly, we look to the record to determine whether the judgment should be affirmed on another basis.
We note the following provision in the original property settlement agreement:
It is the intent of the parties that each shall waive, and each does hereby waive, any right to apply for an increase or decrease in the permanent alimony provided by this Agreement, each intending to establish irrevocably as the alimony which the Husband shall pay to the Wife those payments and transfers set forth in this Agreement.
The trial court, having concluded that appellant had failed to demonstrate a material change of circumstances, declined to rule on the validity of this waiver.
As a general rule, any right may be waived, whether arising out of the constitution or conferred by statute or secured by contract. Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945); 12 Fla.Jur. Estoppel and Waiver, § 5. The general rule is limited by the caveat, however, that "a waiver is not allowed to infringe upon the rights of others or to transgress public morals or policy. Thus, if a law protects the public as well as an individual, the protection to the public or state cannot be waived by the individual." 12 Fla.Jur. Estoppel and Waiver § 5.
Subsection (3) of Section 61.14, Florida Statutes (1979) provides:
This section is declaratory of existing public policy and of laws of this state which are hereby confirmed in accordance with the provisions hereof. It is the duty of the circuit courts to construe liberally the provisions hereof to effect the purposes hereof.
This language presents the threshold question of whether the public policy of the state of Florida prohibits one from waiving the statutory right to seek modification of alimony payments. Such a policy, if it exists, would necessarily be based upon the right of society not to be burdened with the support of an individual for whom the statute would, in the absence of a waiver of its benefits, furnish a method for obtaining support. If this were the public policy of Florida, then we would expect to uniformly find that a right to alimony may never be waived. However, the law is to the contrary.
Thus, where there is no provision for alimony in a judgment of dissolution and no reservation of jurisdiction is made for that purpose, no jurisdiction exists for subsequently entertaining a petition for alimony. Brown v. Brown, 338 So.2d 916 (Fla.2d DCA 1976); Poe v. Poe, 263 So.2d 644 (Fla.3d DCA 1972). In Hostler v. Hostler, 151 So.2d 672 (Fla.1st DCA 1963), the court determined that a provision of a separation agreement which released husband from "any and all costs, charges, and expenses as well as alimony, either temporary or permanent, instant to any divorce suit ..." barred an award of alimony to the wife. Nor is lump-sum alimony subject to modification. Storer v. Storer, 353 So.2d 152 (Fla.3d DCA 1977); Zimmer v. Zimmer, 328 So.2d 525 (Fla. 4th DCA 1976). Similarly, the court in Zakoor v. Zakoor, 240 So.2d 193 (Fla.4th DCA 1970), held that property settlement agreements in which the wife has waived her right to alimony prohibit an award of alimony unless the agreement is invalid because of fraud, duress, concealment, coercion, overreaching or unconscionability. Also, where a payment which incidentally contributes toward support is, in effect, payment for a property right, no modification is permitted. Mills v. Mills, 339 So.2d 681 (Fla.1st DCA 1976); Gilbert v. Gilbert, 312 So.2d 511 (Fla.3d DCA 1975).
The foregoing analysis leads inevitably to the conclusion that there are no public policy reasons which prevent a party from waiving either the right to alimony in the first instance or the right to subsequently obtain modification of alimony.
At least one of our sister states has adopted a similar rule. Section 102-106, Georgia Code, provides that a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or adversely affect the public interest. Applying this statute in *704 Steffner v. Steffner, 228 Ga. 189, 184 S.E.2d 575 (1971), the Georgia Supreme Court held that a waiver by both parties of the right to seek modification barred husband from seeking a reduction in child support and alimony payments. Ivey v. Ivey, 234 Ga. 532, 216 S.E.2d 827 (1975); Dimon v. Dimon, 231 Ga. 750, 204 S.E.2d 148 (1974); Livsey v. Livsey, 229 Ga. 368, 191 S.E.2d 859 (1972). Similar results have been noted in Colorado: Cutter v. Cutter, 500 P.2d 995 (Colo. App. 1972); and California: Section 139 California Civil Code. To the contrary, Ward v. Ward, 48 R.I. 60, 135 A. 241 (1926); and Missouri, Allcorn v. Allcorn, 241 S.W.2d 806 (Mo. App. 1951).
We therefore conclude that the trial court was correct in denying the petition for modification since the parties, by their own agreement, conclusively and finally waived the right to petition for modification.
This conclusion is supported to some extent by dicta in Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946). The opinion does not indicate that the agreement before the court contained a clearcut waiver; however, the court found that the totality of language pointed toward an intent to waive. The result was somewhat clouded by the presence of an issue involving the support of minor children. Leaving that issue aside, the pertinent language is as follows:
If there were involved here only the question of maintenance money for the former wife, appellant here, we should not hesitate to affirm the decree of the Chancellor, because the only logical construction which can be placed on the agreement of January 1, 1941, is that thereby the then husband and wife forever settled between themselves the question of what the then wife should receive from the then husband as and for support and maintenance, regardless of any future change in the fortunes or misfortunes or in the status of either, except as therein specifically provided. Then the divorce decree of May 16, 1941, definitely approved and confirmed the terms of that agreement and specifically enjoined the plaintiff in that suit from prosecuting thereafter any other claims in this regard against the defendant.
So, she was estopped by the terms of her contract and by that final decree from claiming any relief against the defendant in her own behalf, not contemplated by that contract and decree. Id., 26 So.2d 179.
For all intents and purposes, then, the Supreme Court of Florida has recognized the enforceability of provisions in an agreement constituting a waiver of the right to subsequently seek modification of alimony payments.
The final judgment further ordered appellant husband to pay costs and the wife's attorneys' fees in an amount to be determined at a later date. It is abundantly clear that an award of attorneys' fees in marital litigation may only be made upon a demonstrated need of one party and the ability of the other party to pay. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976). The record in this case amply evidences the wife's ability to pay her own attorneys' fees. We therefore determine that the award of attorneys' fees was erroneous.
We affirm that portion of the final judgment denying the petition for modification and reverse that portion of the final judgment requiring the husband to pay the wife's attorneys' fees.
AFFIRMED IN PART AND REVERSED IN PART.
DOWNEY, J., concurs.
ANSTEAD, J., concurs in part and dissents in part.
ANSTEAD, Judge, concurring in part and dissenting in part:
In concur in the majority's opinion except as to the issue of attorney's fees. Section 61.16, Florida Statutes (1979) provides:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit *705 money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
While I agree that in an initial dissolution action an award of attorney's fees should usually be predicated on a demonstration of need by the party seeking such fees, it appears to me that the statute also authorizes an award to one who is forced to defend an unwarranted modification proceeding without a demonstration of need. I agree with the dissenting opinion of Judge McCord set out in Patterson v. Patterson, 348 So.2d 592 (Fla.1st DCA 1977).