390 So.2d 415 (1980)
Carole MUSS, Appellant,
v.
Stephen MUSS, Appellee.
No. 79-1165.
District Court of Appeal of Florida, Third District.
November 12, 1980.
Leff, Pesetsky & Zack and Walter S. Pesetsky, North Miami Beach, for appellant.
Lapidus & Stettin and Richard L. Lapidus, Miami, for appellee.
Before HUBBART, C.J., and HENDRY and PEARSON, DANIEL, JJ.
HENDRY, Judge.
This appeal arises from the circuit court's final order dismissing plaintiff's amended complaint seeking modification of a dissolution agreement.
In 1959, the parties, then residents of New York, entered into a separation agreement. The agreement provided, inter alia, for custody and support of the then minor children, a division of real and personal property, a mutual release of all claims between the parties, and periodic payments to the wife. Some years later the agreement was amended by the parties to effect a change in custody of the children. The agreement, as amended, was incorporated into, but not merged with, a final decree of divorce rendered by the New York Supreme Court in 1972 which obligated the husband to support the wife through payments of $15,000 per annum. Both parties subsequently became residents of Florida.
*416 Appellant Carole Muss filed suit in the Dade County Circuit Court in 1978 to have the New York divorce decree established and recognized as a judgment in the State of Florida, and to increase her alimony payments pursuant to Section 61.14, Florida Statutes (1979).
The trial court, applying New York law, dismissed the complaint on the grounds that the facts alleged did not entitle plaintiff to modify the payments, and also that the plaintiff had contractually waived the right to apply for modification of the agreement. It is from this order of dismissal that plaintiff has appealed.
When a spouse seeks modification of a previous separation agreement or judicial award of alimony, Florida courts are governed by Section 61.14, Florida Statutes (1979). Section 61.14(1) provides in relevant part:
(1) When the parties have entered into ... an agreement for payments for, or instead of, support, maintenance, or alimony ... and the circumstances or the financial ability of either party has changed..., either party may apply to the circuit court .. . for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties..., decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement... .
By enacting this statute, the Florida Legislature obviously intended to permit parties to seek modification of their prior alimony agreements, thus abrogating the traditional binding nature of such contractual undertakings. The Florida Supreme Court has upheld this statute against constitutional challenges on impairment of contract grounds. Frizzell v. Bartley, 372 So.2d 1371 (Fla. 1979). Neither Section 61.14 nor the many Florida cases construing it differentiate between agreements executed in Florida and those from other states: Lopez v. Avery, 66 So.2d 689 (Fla. 1953); Lazar v. Lazar, 317 So.2d 854 (Fla. 2d DCA 1975); Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971). Thus, we have little doubt that the present agreement is subject to modification under Section 61.14 notwithstanding its foreign origin.
Our attention is directed, however, to paragraph fourteen of the separation agreement itself, which provides, inter alia:
14. The provisions of this agreement shall be incorporated in any judgment or decree of separation, annulment or absolute divorce to be entered in the pending action hereinabove described, or in any other action for separation, annulment, or absolute divorce at any time initiated by either party, but this agreement shall not be merged in any such judgment or decree but shall survive the same and shall be conclusive and binding on the parties for all times. The parties agree that neither party may apply to the court for a modification of any such judgment or decree into which the provisions of this agreement shall be incorporated, with respect to alimony or support provisions, whether pursuant to § 1170 of the Civil Practice Act or any other provision or authority, ... (emphasis supplied).
While it is clear that the circuit court has the power under Section 61.14 to modify alimony payments and thus abrogate the parties' prior express agreement, the issue here is whether a court's authority to modify such an agreement may be exercised when the plaintiff specifically agreed never to seek such modification.
The Fourth District, in confronting this identical issue, has held that the doctrines of estoppel and waiver bar the parties from repudiating their express agreement not to seek modification. Their analysis began with a review of the law governing waiver:
The general rule is that any right may be waived, whether it arises out of the constitution, or is conferred by statute, or secured by contract... This rule is limited by the caveat that "a waiver is not allowed to infringe upon the rights of others or to transgress public morals or *417 policy. Thus, if a law protects the public as well as an individual, the protection to the public or state cannot be waived by the individual..."
Turner v. Turner, 383 So.2d 700, 703 (Fla. 4th DCA 1980) (citations omitted).
The sole remaining issue is whether the plaintiff below waived her right to seek modification by assenting to paragraph fourteen of the separation agreement.
Section 61.14 is not, of course, specifically identified in paragraph fourteen of the agreement. However, the plaintiff did unequivocally agree not to seek modification of the agreement under § 1170 of the Civil Practice Act of New York or any other provision or authority. (e.s.) In our view, the last clause of paragraph fourteen clearly contemplates a waiver of all statutory rights permitting modification, including those authorized by Section 61.14.
Moreover, an examination of former CPA § 1170 convinces us that plaintiff intended to waive precisely that right granted her by Section 61.14, in that CPA § 1170 and Florida Statute 61.14 are substantially identical. Indeed, CPA § 1170 was, if anything, broader than the current Florida Statute in providing that the New York courts could grant alimony even in cases where the original judgment failed to grant such relief.
We conclude that the trial court was correct in denying the modification petition since the plaintiff, by her own agreement, conclusively waived the right to petition for modification pursuant to any provision or authority.[1]
In addition, we note that Section 61.14 authorizes modification of alimony, support or maintenance agreements, but not property settlements. Salomon v. Salomon, 196 So.2d 111 (Fla. 1967) (and cases cited). Although our disposal of this case makes it unnecessary to determine whether this agreement was one for alimony or was a true property settlement, we note that the parties relinquished all claims upon one another and labeled the agreement unmodifiable, indicating that the agreement constituted a final property settlement of all rights between the parties.
Accordingly, we affirm the final judgment denying the petition for modification.
Affirmed.
NOTES
[1] Despite the fact that we have applied Florida law in resolving this appeal, we are confident that the outcome would be the same if New York law were applied. As expressed in the leading case of McMains v. McMains, 15 N.Y.2d 283, 258 N.Y.S.2d 93, 206 N.E.2d 185 (1965), an ex-wife seeking such an amendment may do so only

... when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge ...
15 N.Y.2d at 285, 258 N.Y.S.2d at 95, 206 N.E.2d at 186. (e.s.) No such claim has been raised in the present case.
For a recent application of the McMains doctrine by this court, see Hirsch v. Hirsch, 369 So.2d 407 (Fla. 3d DCA 1980).