392 So.2d 985 (1981)
Mary Ellen KILPATRICK, Formerly Known As Mary Ellen McLouth, Appellant,
v.
Malcolm E. McLOUTH, Appellee.
No. 79-124.
District Court of Appeal of Florida, Fifth District.
January 21, 1981.
*986 Henry J. Martocci, Cocoa, for appellant.
Walter T. Rose, Jr. of Rose & Weller, Cocoa Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a summary final judgment denying her petition for modification of an alimony award.
The final judgment of dissolution of marriage incorporated a separation agreement executed by the parties. The agreement, which provided for an alimony award, specifically provided that the agreement was to be non-modifiable and that the wife waived or released any right to alimony modification. Wife contends that such a provision should be void as against public policy. We disagree and affirm.
A spouse can waive all right to alimony. Kirkconnell v. Kirkconnell, 222 So.2d 441 (Fla.2d DCA 1969). Therefore, it logically follows that a spouse can waive the right to modification. Muss v. Muss, 390 So.2d 415 (Fla.3d DCA 1980); Turner v. Turner, 383 So.2d 700 (Fla.4th DCA 1980). Generally, one can waive any contractual, statutory or constitutional right. Bellaire Securities Corporation v. Brown, 124 Fla. 47, 168 So. 625 (1936).
AFFIRMED.
DAUKSCH, C.J., and COBB, J., concur.