PER CURIAM.
The husband appeals the trial court’s order denying his petition for modification of alimony payments. We affirm.
The parties were divorced by final decree entered on March 18, 1970. The decree provided the husband would pay, during his life, $675.00 each month for the wife’s support and maintenance. At the time of the divorce, the husband earned $40,000 per year. The wife was not employed.
On February 6, 1980, the husband petitioned for modification asserting he had just entered private medical practice and that his wife was now employed and earning $13,000 per year. On January 21, 1981, the trial court entered an order denying the petition for modification holding the parties failed to establish cause for modification and that the parties waived their right to modification under the dictates of Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946).
Section 61.14, Florida Statutes (1979), provides the parties have the right to seek modification of a final dissolution *731 decree. This right, however, is subject to intentional or implied waiver. Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980); Fireman’s Fund Insurance Co. v. Vogel, 195 So.2d 20 (Fla. 2d DCA 1967). In Lee, the parties agreed the husband would, “during his life” pay alimony based upon a complicated schedule which varied with the husband’s ability to produce income. Based on the entirety of the circumstances, the court noted the only logical construction of the stipulated settlement was that the parties had “forever settled” the amount the wife would receive.
This emphasis on the totality of the circumstances was underscored in Turner, supra, at 704, where the court noted the Lee opinion “does not indicate that the agreement before the court contained a clearcut waiver; however, the court found that the totality of language pointed toward an intent to waive.” We have reviewed the record and have found no evidence of an agreement to waive or conduct which would imply a waiver. The order, however, also specifies there was no change of circumstances which could justify a modification. We agree and note particularly that the wife should not be faced with the prospect of losing her right to alimony simply because she began earning a modest income. Mosher v. Mosher, 321 So.2d 450 (Fla. 2d DCA 1975). Accordingly, the trial court’s order is AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and SHAW and JOANOS, JJ„ concur.