## BASSETT v. BASSETT
Case No. 181628 (23)
Eleventh Judicial Circuit, Dade County
July 21, 1983

Paul Louis, for petitioner/wife.

Talbot D'Alemberte, for respondent/husband.

ROBERT H. NEWMAN, Circuit Judge.

This cause came for hearing on the Petitioner's motion for modification of a final decree. The respondent has answered, interposing affirmative defenses and the Court set a hearing for determination of the issues relating to the right of the Petitioner to modification. After hearing testimony and argument, the Court is prepared to rule.

Petitioner/wife and respondent/husband, freely and willingly entered into a Marital Settlement Agreement (Agreement) on December 6, 1955. The purpose of the Agreement was to settle all rights and duties of the parties and to effect a permanent division between them in

contemplation of a Final Decree of divorce after nine years of marriage. The final decree of Divorce, entered December 7, 1955, incorporated the Agreement which contained the following paragraph:

> 32. In the event of any Final Decree of Divorce being entered in the Pending Action, such Decree shall include the following Language:

> "With the exception of the terms, conditions, covenants, agreements and stipulations, as hereinabove set out, the Plaintiff is hereby denied any rights of alimony, attorney's fees or costs of this suit, as well as any rights of property, whether same be real or personal, in and to the separate estate of the Defendant, and the Plaintiff, MARGUERITE PETITJEAN BASSETT, and the Defendant, HARRY HOOD BASSETT, are hereby permanently enjoined from claiming any rights of property, or any other claims, demands, causes of action, inheritance or descent that each may have or have had against the other by virtue of the marriage between the parties herein divorced."

In November 1980, the wife petitioned for modification of the divorce decree pursuant to Section 61.14, Florida Statutes, claiming a substantial change in her financial circumstances, an increase in her living expenses and an increase in the husband's financial resources.

The husband answered the petition and raised as an affirmative defense that the wife had, by the terms of the Agreement, waived any rights she might otherwise have had for modification. Furthermore, the Agreement was characterized as a property settlement agreement and not subject to modification.

The matter is before the court solely on the claim for modification and the defenses and legal questions raised in this action.

Florida courts have consistently held that the parties to a divorce may waive a statutory right to modification of alimony, if such a right exists. *See Lee v. Lee,* 157 Fla. 439, 28 So.2d 17 (1946); *Turner v. Turner,* 383 So.2d 700 (Fla. 4th DCA), *pet. for rev. den.,* 392 So.2d 1381 (Fla. 1980); *Jaffee v. Jaffee,* 394 So.2d 443 (3d DCA 1981); *Muss v. Muss,* 390 So.2d 415 (Fla. 3d DCA 1980); *Kilpatrick v. McLouth,* 392 So.2d 985 (Fla. 5th DCA 1981). The waiver may be intentional or implied and is to be determined based upon the totality of the circumstances and the language of any stipulated settlement. *See Stephenson v. Stephenson,* 408 So.2d 730, 731 (Fla. 1st DCA 1982). Such a waiver does not violate the public policy of the state. *Turner,* 383 So.2d at 703; *Muss,* 390 So.2d at 417.

In *Lee v. Lee,* 157 Fla. 439, 26 So.2d 177 (1946), the only decision of the Supreme Court of Florida existing in 1955 (the time of the agreement between the parties to this case) which addressed the issue of waiver of the statutory right to modification, a final decree of divorce was entered which incorporated an earlier separation agreement in accordance with its terms. Thereafter, the former wife filed a petition for modification of the final decree under Fla. Stat. §65.15, a predecessor of current Section 61.14, seeking payments greater than those provided for in the separation agreement. The trial court denied the petition. The Supreme Court, construing the separation agreement incorporated into the divorce decree, held that the wife was estopped from claiming any relief on her own behalf.*

With the exception of the names of the parties, Paragraph 32 of the Agreement is *identical* to the provision construed by the Supreme Court of Florida in *Lee v. Lee,* 157 Fla. 439, 28 So.2d 177 (1946).

| LEE v. LEE | BASSETT AGREEMENT, ¶32 |
| --- | --- |
| "With the exception of the terms, conditions, covenants, agreement and stipulations, as hereinabove set out, the plaintiff is hereby denied any rights of alimony, attorney's fees or costs of this suit, as well as any rights of property, whether same be real or personal, in and to the separate estate of the Defendant, and the plaintiff, Betty Lee, and the defendant Manfred B. Lee, are hereby permanently enjoined from claiming any rights of from property or any other claims, demands, causes of actions, inheritance or descent that each may have or have had against the other by virtue of the marriage between the parties herein divorced." | "With the exception of the terms, conditions, covenants, agreements and stipulations, as hereinabove set out, the Plaintiff is hereby denied any rights of alimony, attorney's fees or costs of this suit, as well as any rights of property, whether same be real or personal, in and to the separate estate of the Defendant, and the Plaintiff, MARGUERITE PETITJEAN BASSETT, and the Defendant, HARRY HOOD BASSETT, are hereby permanently enjoined claiming any rights of property, or any other claims, demands, causes of action, inheritance or descent that each may have or have had against the other by virtue of the marriage between the parties herein divorced." |

The intent of the parties as demonstrated by this provision and multiple other provisions of the Agreement was to establish as a final settlement between the parties the amounts provided therein. *See* paragraphs F, 16, 23, 26, 28, 30, 32 and 35. The parties intended that their settlement contract be a final determination of their rights and interests. In paragraph 28 of the Agreement, the parties expressly release and discharge one another from any and all claims and causes of action. Paragraph 30 includes another release. In her testimony, Mrs. Bassett acknowledged

---

*The Court did allow modification of the child support obligation stating that a contract can not impair the obligation of a father to support his children. *Id.* at 179. Child support is not at issue in this action.

that the purpose of a release is to "let somebody free of certain promises . . . ." (Tr-158), and admits that in paragraph 26 of the Agreement all of her "claims" against Mr. Bassett are released (*Id.*).

Paragraph F of the Agreement indicates the understanding of the parties that that payments and trust provisions which the wife was to receive were accepted by her and were made by respondent in full and complete discharge and satisfaction of any and all claims she might have against him. Paragraph 16 declares the wife's acceptance of the trust and the monthly "alimony" in "full and complete discharge, settlement and satisfaction of any and all claims of the wife for her support and maintenance *now or in the future* . . . ." (Tr.-179. Emphasis added).

The *Lee* decision is precedent for the binding effect of this contractual provision and the waiver thereby of the statutory right to seek modification. *See Jaffee,* 394 So.2d at 446; *Turner,* 383 So.2d at 704.

Mrs. Bassett's execution of the multiple waivers contained in the Agreement was knowing and voluntary. She acknowledges that she read each and every paragraph of the Marital Settlement Agreement, that several attorneys explained them to her (Tr-153; 1955 Tr-9,; *see also* Dunn-25-28, Tr-181, 182), and that she understood the Agreement to be a "final settlement" of her financial arrangements with Mr. Bassett (1955 Tr-12). Every effort was made to assure her understanding (Dunn, 5/26/83). Judge J. Fritz Gordon questioned Mrs. Bassett extensively regarding the Agreement at the time the divorced decree was entered:

Q. Do you understand that this is a final settlement of your financial arrangements with Mr. Bassett?

A. I understand.

Q. And are you satisfied with that?

A. Yes.

Q. Do you have knowledge of all his finances in accepting this?

A. Yes.

Q. You have full knowledge of his financial conditions?

A. Yes.

Q. And with that full knowledge you have agreed to accept what is to given to you under the terms of the contract and a full and final settlement of any claims that you might have against him—

A. I do.

Q. (Continuing) is that correct?

A. Yes.

(1955 Tr-12)

Petitioner has adduced *no* evidence to the effect that her execution of the waiver was involuntary. A self-serving statement of petitioner that she believed that she could come back to court and get modification while giving up all of her other rights against Mr. Bassett (Tr-136), was made, and one of her attorneys, who, although he acknowledged the meaning of the words of waiver and release in the Agreement, concluded that no matter what the Agreement says, it can be modified (Dunn, 5/26/83). This conclusion contradicts the holdings in *Lee v. Lee, supra; Jaffee v. Jaffee,* 394 So.2d 443 (Fla. 3rd DCA 1981); *Kilpatrick v. McLouth,* 392 So.2d 985 (Fla. 5th DCA 1981); *Muss v. Muss,* 390 So.2d 415 (Fla. 3rd DCA 1980); and *Turner v. Turner,* 383 So.2d 700 (Fla. 4th DCA 1980); all held waiver of modification valid. Counsel who conducted Mrs. Bassett's negotiations and made her decisions concerning the Agreement has no independent recollection of that document (Tr-88-95) or whether a waiver was intended. Never was the voluntariness of the waiver questioned.

The words of the agreement clearly provide for a waiver and the testimony of the witnesses who demonstrated any competence on this issue support these clear terms as the intention of the parties. It is difficult to imagine why the parties would use the *Lee v. Lee* language if they did not want a *Lee v. Lee* result.

Regardless of the burden of proof which is applied to this case, it has been met by respondent. This court finds that Mrs. Bassett voluntarily waived any right to modification which she might have had under the Florida Statutes.

It is, therefore,

ORDERED, on the basis of this opinion and the evidence presented at final hearing, that the wife's Petition for Modification of Final Decree of Divorce is hereby DENIED. The parties shall bear their own legal expenses and costs, including attorney's fees.