PER CURIAM.
This is an appeal by the former wife, Leslie M. Breslow, from an adverse final order summarily denying her motion to upwardly modify the child support payments of $50.00 a week for the parties’ twelve-year-old daughter. This amount had been previously set by the parties in a property settlement agreement which was incorporated into a 1976 divorce decree; the child support provision was subsequently mod *499 ified in 1979. We reverse the final order under review and remand the cause to the trial court with directions to entertain the former wife’s motion to modify on the merits. We reach this result based on the following briefly stated legal analysis.
First, the primary asserted basis for modifying the child support in this case was the increased age of the minor child since the $50.00 a week support payment was set in 1979 [an increase from age five to age twelve], and the substantially increased support expenses normally associated with such an increase in age.
Second, the trial court summarily denied the former wife’s motion to modify after hearing the opening statement of the wife’s counsel below — allowing only a proffer of testimony for appellate purposes. The summary denial was based on the trial court’s legal conclusion that this increased age of the child and the substantially increased expenses associated therewith could not, as a matter of law, constitute a proper change in circumstances so as to modify child support payments when such payments have been previously set by a property settlement agreement — even if the supporting spouse can afford an increase in child support payments.
Third, the trial court, in our view, applied an incorrect rule of law, as stated above, to the instant case. It is well settled that child support payments set by a property settlement agreement are modifiable upon (a) a showing of a substantial increase in support expenses for the minor child which are normally associated with an increase in the child’s age, and (b) a showing that the supporting spouse is financially able to pay for an increase in child support payments. The fact that the child support payments were previously set by a property settlement agreement cannot, as the trial court concluded, change this result. This is so because the parties cannot, by their contract, agree to child support payments which subsequently become inadequate to support the child due to a substantial change in circumstances. The child is not a party to this contract, and the parties may not contract away his right to adequate support. See Lee v. Lee, 157 Fla. 439, 26 So.2d 177, 179 (Fla.1946); Bess v. Bess, 471 So.2d 1342, 1343 (Fla. 3d DCA 1985), pet. for review denied, 482 So.2d 347 (Fla.1986); Schottenstein v. Sckottenstein, 384 So.2d 933, 935 (Fla. 3d DCA), pet. for review denied, 392 So.2d 1378 (Fla.1980); Lang v. Lang, 252 So.2d 809, 811-12 (Fla. 4th DCA 1971).
The final order under review is reversed and the cause is remanded to the trial court with directions to entertain the subject motion to modify on the merits.
Reversed and remanded.