*545 OPINION OF THE COURT
Howard Miller, J.
Robert Deed, the petitioner in this proceeding for downward modification is the father of a child of a former marriage between the petitioner and the respondent, Rosemary Deed, who is a recipient of public assistance under the Social Services Law. The corespondent, Noah Weinberg, is the Commissioner of Social Services, Rockland County.
Petitioner predicates his claim of change of circumstances upon the allegation that: (1) his income is reduced and (2) his former wife, the respondent, is employed.
As appears from the testimony of the respondent, Rosemary Deed, is now employed and earns a sum of money which would preclude her and the child from public assistance and for aid to dependent children if she, being employed first, now applied for public assistance. However, pursuant to work incentive program, initiated pursuant to section 350-b of the Social Services Law, she, prior to securing of work, was a recipient of public assistance and is now allowed certain work incentive deductions popularly known as "30 and Vs”. That is, the Department of Social Services allows in the computation of the respondent’s eligible income a deduction of $30 from her gross earned income and then further deducts one third of the remaining income. There is further allowed certain transportation, lunch and other work related expenses. Upon totaling of all these incentive deductions, an income level is arrived at to determine eligibility for public assistance.
The entire program of work incentive allowances originates „ as a United States program under the Public Health and Welfare Law. (US Code, tit 42, § 602 et seq.) The purposes of the act as it relates to the policy stated by Congress (US Code, tit 42, § 630) are substantially similar in language and scope as of the statements of the policy for the State of New York (Social Services Law, § 350-b). The constitutionality of the work incentive program has been upheld (Conner v Finch, 314 F Supp 364, affd 400 US 1003).
This court is not in conflict with the stated purposes of the work incentive program. As long as the recipient remains below the level of the maximum income permitted to qualify for assistance with such work incentive deductions she will continue on public assistance as provided for by the public assistance services law. If she were employed earning the *546 same gross amount as she does now, she would not qualify for public assistance if she applied at this time. The respondent, the former wife of the petitioner, presently earns $248 biweekly. The respondent testified that after work incentive computation is applied to her grant she received a $235 monthly grant from the Department of Social Services.
The intent of the work incentive program as stated by both the Federal law (US Code, tit 42, § 630) and by the State law (Social Services Law, § 350-b) is to accomplish the following stated public purposes, those of: "certain of such individuals will be employed * * * trained for employment in the regular economy * * * restore * * * to independence and useful roles in their communities * * * acquire a sense of dignity, self-worth and confidence * * * recognition as wage earning members of society * * * example of a working adult * * * beneficial effects on the children in such families.” (Social Services Law, § 350-b; see, also, US Code, tit 42, § 630.)
The court does not question the constitutionality of the work incentive program by this decision. This court does not dispute the fact that disparities may result between different families, one being a recipient of public assistance and one which is not (Conner v Finch, 314 F Supp 364, 367-368, supra). It is also obvious that where a recipient returns to work, the disbursing agency is saving money by reducing its grant even though falling within the work incentive program, as prescribed by the work incentive limitations.
Conner v Finch (supra) addresses itself to the rights of or benefits available to a recipient of public assistance under the Jaw. However, neither that case nor those following it (Glodgett v Betit, 368 F Supp 211, right of unemployed spouse to forego unemployment insurance benefits to retain eligibility under Aid to Families with Dependent Children [AFDC] for family) addresses the issue before the court, namely, should the cost be passed along to the former spouse of the person receiving the work incentive related payments under the law to "families with dependent children” (AFDC).
The equal protection clause of the New York State Constitution (art I, § 11) does not require absolute symmetry in a reasonable classification (People v Acme Markets, 37 NY2d 326). The concept of the right to equal protection of the laws is basic, that all persons similarly situated be treated alike (Matter of Di Maggio v Brown, 19 NY2d 283). The petitioner in the case at bar is treated differently from a *547 person whose spouse’s earnings are the same as those of the petitioner’s spouse and against whom the Department of Social Services cannot bring support proceedings because that person is not a recipient of public assistance. Whereas, in the case at bar an artificially reduced income resulting from work incentive exemptions of salary is imposed to render petitioner’s former spouse eligible for public assistance and with resultant claim being made by Department of Social Services against the petitioner. No claim would be made by the Department of Social Services against one whose former spouse was not on public assistance before she became employed. This violates the constitutional equal protection provisions. "The underlying concept is elemental — that persons similarly situated should be treated the same”. (People v Acme Markets, 37 NY2d 326, 330, supra.)
It is the finding of this court that to require a spouse or former spouse to be charged for the costs of the work incentive program as they related to public assistance funds paid as a result of artificially computed reduced gross income, after incentive deductions, is placing such person upon an unequal status to that of another person whose spouse is earning an equal amount as the respondent here and these incentive benefits would not be granted to his spouse where she is not a recipient of public assistance. The petitioner in the case at bar should not be called upon to help defray the amount of the grant, in whole or in part, where the eligibility is predicated upon work incentive grants arising from a government created social program. Any obligation of the petitioner should be founded upon the actual income and expenses of the respective parties. The cost of the work incentive program should be borne by the disbursing government agency as part of public social policy and not passed along to the spouse or former spouse of the welfare recipient under such incentive programs.
The instant case does not come within the doctrine pronounced by the case of McMains v McMains (15 NY2d 283) where a wife, now divorced, who was on or was about to go on public assistance was held to be entitled to support from the former husband. Here, the former wife had in her own right sufficient income so as not to be qualified for public assistance and which assistance would not have been given except for the work incentive deductions provided under the law.
The court has equated the relative income and expenses of the petitioner and the respondent. It is the fact that the *548 petitioner is now self-employed in a newly established business whose income is uncertain. He is remarried and supporting his present wife and newborn infant with a net monthly income in the sum of $650. His current support order dated May 25, 1976 is $40 per week to be allocated $20 for the support of the respondent, Rosemary Deed and $20 for the support of his child, Pierre Deed. The respondent, Rosemary Deed has approximately $770 net monthly income from her salary and from the work incentive grant of the Department of Social Services. The court finds that the petitioner is liable for the support of his dependents within his ability to pay. The petition for downward modification is granted to the extent that the court directs that the petitioner pay to the respondent, Rosemary Deed, through the support collection unit, the sum of $25 per week as his total contribution to be applied solely towards the support of his dependent, Pierre Deed.