456 So.2d 520 (1984)
Claire Delores NEWSOME, Appellant,
v.
Leslie Leonard NEWSOME, Jr., Appellee.
No. AW-91.
District Court of Appeal of Florida, First District.
September 13, 1984.
William H. Maness, of Maness & Kachergus, Jacksonville, for appellant.
Harry L. Shorstein, Jacksonville, for appellee.
ZEHMER, Judge.
On this appeal, we review an order denying the former wife's motion to modify alimony provisions in a final judgment of dissolution of marriage. The issue, simply stated, is whether, as appellee contends, the final judgment provides for lump-sum alimony in the nature of a final property *521 settlement not subject to modification or whether, as appellant contends, the judgment provides periodic alimony for rehabilitative purposes that is subject to extension or modification as to character and amount. We reverse.
The final judgment of dissolution, rendered November 6, 1978, which incorporated the stipulation and agreement of the parties, provided for payment of alimony to the wife in the following language:
The husband shall pay to the wife, as and for alimony the sum of $5,000.00 per year payable at the end of the last pay period of November for each year beginning in November of 1978 and continuing until November of 1983 inclusive or until the wife remarries or dies. In addition the husband shall pay to the wife, as and for alimony, the sum of $100.00 per week beginning on the first Friday following the entry of the Final Judgment of Dissolution of Marriage and continuing until the last Friday in the month of October 1983 or until the wife remarries or dies.
The final judgment, based on the settlement stipulation, also distributed the real and personal property owned by the parties at the time of dissolution, required the husband to assume certain debts, and specifically provided: that the former wife should have custody of the couple's minor daughter, then age twelve; that the husband would pay child support of $25 per week until the child attains majority or otherwise becomes emancipated; that the husband and wife would share evenly the college expenses of the minor child; that the husband would keep in effect his Veterans Administration life insurance policy and name the wife as irrevocable beneficiary; and that "the Court shall retain jurisdiction to enforce or modify the provisions hereof."
Appellant's motion to modify alleged, in general, that the husband's income had substantially increased; that her income was insufficient to cover her expenses and those of the minor child; that she did not have funds to pay for the minor child's education, as provided in the final judgment; and that she "has not been rehabilitated," although she is presently attending Florida Junior College in an effort to obtain a degree. Appellant asked the court to modify the provisions for child support and payment of the child's college expenses and, further, asked that the alimony payments due to terminate in October and November 1983 be increased in amount and made permanent.
The trial court denied the requested modification, ruling that the evidence did not support the former wife's claim that the alimony was rehabilitative in character and that she had not shown by competent evidence that she had not rehabilitated herself through no fault of her own. The court declined to modify the parties' agreement that each would share equally in the child's college expenses, but ordered an increase in child support to $100 per week.[1] Appellant filed a motion for rehearing, which was denied by the trial court with the following explanation:
The `alimony' provided for the wife by the Stipulation and Final Judgment was uncategorized and the amount and payment thereof is more consistent with lump sum alimony, and the Courts regards (sic) it as such since there was no evidence before the Court at the hearing which would help the Court categorize the same or make a finding that it was rehabilitative in nature.
We hold that the trial court erred as a matter of law in construing the parties' agreement as incorporated in the final judgment to provide for "lump sum alimony" that is not subject to extension or modification and in refusing to treat the periodic alimony provisions as rehabilitative in nature and purpose. The test for determining whether alimony provisions are nonmodifiable lump-sum alimony has been succinctly described in 25 Fla.Jur.2d, Family Law, section 449:
A lump-sum alimony award discharges the payor from further liability for the *522 recipient party's support. An award of lump-sum alimony vests in the recipient at the time of the final decree of dissolution and is not subject to defeasance or modification. Lump-sum alimony is essentially payment of a definite sum and is in the nature of a final property settlement; hence, an award of lump-sum alimony creates a vested right which survives death and is not terminable on the recipient party's remarriage.
Accord, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). The provisions of the stipulated agreement and final judgment that alimony payments would continue "until the wife remarries or dies" are completely inconsistent with the notion that the parties intended a final, fixed lump-sum settlement that was not subject to further extension or modification pursuant to section 61.14, Florida Statutes. Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1983). When the husband and wife intend to reach a final and complete settlement of all alimony rights and to forego any further right to modification thereof, such agreement must be specifically expressed by clear language evidencing an intent to waive all such rights in the future. E.g., Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980); Wolfe v. Wolfe, 424 So.2d 32, 34, n. 1 (Fla. 4th DCA 1983); Stephenson v. Stephenson, 408 So.2d 730 (Fla. 1st DCA 1982). Similarly, the provisions of the final judgment whereby the court retained jurisdiction to enforce and modify all provisions of the final judgment (except paragraph 1, dissolving the marriage) is inconsistent with any construction that the alimony award was not subject to subsequent review, extension, and modification by the court. Taken as a whole, the parties' stipulation and agreement, and the final judgment approving and incorporating that agreement, evidence the parties' recognition that the wife was, at the time of dissolution, incapable of financially supporting herself and her daughter without help from the husband and that both the husband and wife agreed that the husband should provide such support for a period of five years to enable her to become self-supporting if she could, in fact, do so. The provisions of the agreement that both the husband and wife would share evenly in the cost of the minor child's college education, which would commence some five years hence, reinforces our construction of the agreement that the parties necessarily contemplated the mother would be fully rehabilitated and financially independent by that time if she was to be able to pay these expenses.
We are aware that decisions extending rehabilitative alimony may speak in terms of a "plan of rehabilitation." We are not, however, aware of any decision  nor have the parties cited us to any  that requires such "plan of rehabilitation" to be expressly stated and agreed upon orally or in writing. We agree with appellant that it is not the "plan," per se, but the totality of all the circumstances existing at the time of entry of the final judgment and the contemplations of the parties as evidenced by their agreement that determines whether the periodic alimony is for rehabilitation purposes or is a final lump-sum distribution not subject to modification. We have no doubt that the alimony agreed to in this case, as approved by the court in its final judgment, was periodic alimony for support for the wife until, as contemplated by the parties, she became able to support herself and, further, that such alimony provision would be subject to extension or modification under the court's reservation of jurisdiction. Since the trial court has not properly applied the correct rule of law to the facts of this case, it is necessary to reverse and remand for further consideration of the petition for modification.
Whether the periodic alimony should be temporarily extended or changed to permanent alimony is, of course, a matter of discretion to be exercised within parameters recognized in prior appellate decisions. For example, in O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), the court reversed the denial of the wife's petition for modification to change an award of *523 rehabilitative alimony to permanent alimony, stating in part:
The court below denied the petition for modification holding that the wife had the burden of showing a `change in circumstances.' Because the wife did not appeal the final judgment, the court was precluded from examining any of the factors which would have entitled her to permanent alimony at the time of the dissolution. In the final judgment, the trial court did not enunciate or describe the standard of self-support it anticipated for the wife as a goal of her rehabilitation. To determine that level, then, the court below had to have a point of reference in assessing the extent of rehabilitation. That point can only be determined by examining what would have been a reasonable goal at the time of the divorce. The fact that the wife would have been, under the evidence upon which the final judgment was based, a proper subject for permanent alimony should be properly considered at the time a modification of rehabilitative alimony to permanent alimony is considered. A wife should not have to waste her assets and those of her husband by pursuing an appeal of a rehabilitative award when she is willing to make a good faith effort to achieve rehabilitation and become self-supporting. We think that a rule favoring good faith cooperation toward achieving rehabilitation and self-support is preferable to a rule which requires one to appeal now or lose all future right to assistance.
* * * * * *
We conclude that it was error for the court below to consider only the `change in circumstances' test. The court should have considered the trial court's objectives for rehabilitation and whether appellant achieved those objectives. It should also have considered whether there is a reasonable likelihood that the wife can maintain that ability of self-support in view of her age and foreseeable physical condition. Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980). It would be manifestly unjust to deprive the wife of all prospect of assistance at a precarious time in her life, when at the same time the husband's security is assured.
410 So.2d at 1371-72. See also, Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1983).
The record before us indicates that the wife is probably entitled to some relief. We do not decide that question, however, because the initial determination of the extent and character of relief to be granted rests in the sound discretion of the trial court upon application of the correct rule of law. The trial court, not the appellate court, should initially determine the relief to be granted, particularly where, as here, the trial court did not have before it, and thus did not weigh, all facts relevant and material to the proper resolution of appellant's modification claim.[2]
The order denying modification is reversed, and this case is remanded for further proceedings consistent with this opinion. In the interest of justice, the parties shall be afforded an opportunity to further amend the pleadings and to adduce additional evidence in support thereof if they so desire.
REVERSED and REMANDED.
SHIVERS & THOMPSON, JJ., concur.
NOTES
[1] Neither party questions the validity of this increase.
[2] Appellant's motion for rehearing set forth additional facts relevant to the trial court's reasons for denying modification but the motion was denied, and the related facts, while relevant to the ultimate determination of this question, were not properly before the court.