499 So.2d 880 (1986)
Richard W. CUNNINGHAM, Appellant,
v.
Mary Ruth A. CUNNINGHAM, Appellee.
No. BH-497.
District Court of Appeal of Florida, First District.
December 10, 1986.
Rehearing Denied January 20, 1987.
Zelda J. Hawk, of Zieg, Comfort, Hawk & Castello, Gainesville, for appellant.
Henry L. Gray, Jr., and Anita L. Shepherd, of Chandler, Gray, Lang & Aswell, Gainesville, for appellee.
ZEHMER, Judge.
The former husband, Richard Cunningham, appeals a final order granting the former wife, Mary Ruth Cunningham, modification of the final judgment of dissolution of marriage. On appeal the husband contends that the trial court erred in ruling that the former wife had not waived her right to seek modification of alimony provisions in the parties' settlement agreement. We reverse.
On September 29, 1975, the husband filed a petition for dissolution of marriage. The parties had been married 20 years and had four children. The husband, a neurologist, and the wife, a teacher, executed a settlement agreement regarding the division of the parties' property, custody of the children, alimony, and child support. The agreement recited the "desire and intention" of the parties to finally fix and settle "in all respects and for all purposes their respective present and future property rights, claims and demands in such a manner that any action with respect to said rights, obligations, past, present or future, of either party with respect to the other, be *881 finally and conclusively settled and determined by the Agreement," and that the agreement would "be incorporated in any Final Judgment of dissolution which may be entered in the action for dissolution now pending... ."
The agreement contained the following provision requiring the husband to pay alimony (emphasis added):
The Husband shall pay to the Wife for her support and maintenance the sum of One Thousand Dollars ($1,000.00) per month, commencing 1 July 1976. The alimony as specified in this paragraph shall continue until the Wife shall remarry or die, or until the Husband shall die, or until changed as hereinafter provided, whichever contingency shall first occur. At such time as the third child of the parties ... reaches the age of 18 or is no longer living with the Wife, whichever shall first occur, the alimony as provided herein shall automatically be reduced to $750.00 per month. At such time as the youngest child of the parties ... reaches 18 years of age or is no longer living with the Wife, whichever shall first occur, the alimony as provided herein shall further be reduced to $500.00 per month. All parties understand, intend, and agree that the Wife will eventually become self-supporting, particularly as her younger children become adults. The Wife's training, education and work experience are in the field of elementary education and it is anticipated that after a reasonable time, she will be able to regain her certificate for teaching and will be able to earn at least $11,000.00 per year by the time the youngest child of the parties has reached majority. Therefore, it is the intention of the parties that the Husband's obligation to continue to pay alimony following the majority of said child will terminate, assuming that the Wife has not been disabled so as to prevent her from earning such income at that time. It is anticipated that the Wife shall use the eight (8) years between the date of this Agreement and the time such child reaches majority to prepare herself for her eventual self-support and at such time she will have resumed her teaching career, or some other occupation, and will have reached the point where she will be making approximately $11,000.00 per year based on the value of the dollar as of the date of this Agreement. Therefore, the Husband's obligation to pay alimony after the 18th birthday of said child shall terminate unless the Wife demonstrates her inability to earn $11,000.00 per year on today's dollar by reason of health. To the extent that she demonstrates that she is unable to earn such an amount by reason of health, the Husband shall continue to pay alimony at a rate per month which, together with the gross amount earned by the Wife, shall equal $916.00 per month; provided however, that such alimony shall not exceed $500.00 per month. Thereafter, at such time as the Wife regains her capacity to earn the $11,000.00 per year based on today's dollar, alimony shall cease and terminate. In all events, alimony shall completely terminate ten (10) years from date hereof.

The agreement also contained "MUTUAL RELEASES" by which each party did "release the other of and from any claims, demands, dues, debts, rights, or causes of action, excepting a cause of action for dissolution of marriage, which either may have against the other and except such claims, demands, dues, debts or rights as may be provided in this Agreement."
The agreement was approved by the trial court and incorporated into the final judgment of dissolution of marriage.
In November 1984 the wife sought modification of the final judgment, alleging as a substantial change of circumstances the fact that there had been a deterioration in the wife's health. In August 1983 the wife had undergone a tonsillectomy which revealed the presence of cancer cells and she had been subsequently treated with radiation therapy. The wife's physician testified that there appeared to be no recurrence of *882 the cancer cells but that medical professionals feel that five years is a reasonable period to wait before excluding the likelihood that a person will have a recurrence of cancer. Since this five year period would fall beyond the ten year term of the agreement regarding termination of alimony payments, the wife requested that the trial court continue alimony beyond the ten year term at a rate of $1 per year, and retain jurisdiction to award an increase of such alimony in the event her physical health thereafter deteriorated and she became no longer capable of self-support.
The trial court held an evidentiary hearing and determined that (1) both parties made an effort to detail their rights and obligations under the agreement, but that the agreement in its entirety did not show that the wife knowingly and conclusively waived her rights under s. 61.14, Fla. Stat. (1983); (2) the court could, therefore, exercise its jurisdiction to modify the agreement if circumstances or financial ability of either party had changed; and (3) the possibility of the recurrence of the wife's cancer was a change in her circumstances that required the court to maintain jurisdiction for future determination as to her needs and his ability to meet those needs. The trial court then modified the settlement agreement by awarding the wife permanent periodic alimony in the sum of $1 per year until the wife's remarriage or death, husband's death, or further order of the court. The husband appeals this modification.
The husband contends that the wife, by specifically agreeing that alimony payments would completely terminate in 10 years, finally fixed their respective financial matters with regard to past, present, and future alimony; and that she, by specifically releasing any claim or cause of action which either party had in the future, conclusively waived her right to modify the final agreement to extend alimony payments beyond the specified ten year period.
Although the settlement agreement does not contain an expressly stated waiver, the clear and unambiguous language of the agreement is sufficient to operate as an implied waiver of all alimony beyond ten years. The agreement specifically states that "in all events, alimony shall completely terminate ten (10) years from date hereof", and that the "rights, obligations, past, present or future, of either party with respect to the other, be finally and conclusively settled by this Agreement." The agreement was signed by the wife in the presence of her attorney, William C. Andrews, and presumably she had received legal advice with respect to its terms and understood them.
It is well-established that the statutory right to petition for modification of an alimony award may be intentionally or impliedly waived and that the waiver may be stated in express terms or through interpretation of the agreement as a whole. Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946); Bassett v. Bassett, 464 So. 1203 (Fla. 3d DCA 1984), pet. for rev. denied, 476 So.2d 672 (Fla. 1985). Viewed as a whole, the language used in this agreement indicates a clear intention by the parties that the agreed-upon provisions for alimony would be controlling, and that its terms would be modifiable only as authorized therein. The agreement unambiguously provided that all alimony would cease after ten years regardless of the wife's condition, and authorized modification of alimony only during that ten year period. The approval and incorporation of the agreement in the final judgment made these provisions binding on both parties. Had the trial court intended by its judgement of dissolution to reserve jurisdiction to permit modification of alimony beyond the stipulated ten year period despite the parties agreement, then its judgment should not have approved this alimony provision of the agreement. Accordingly, the appealed order is reversed and the cause is remanded with directions to deny the Wife's motion for modification.
REVERSED AND REMANDED.
BARFIELD, J., concurs.
SHIVERS, J., dissents with written opinion.
*883 SHIVERS, Judge, dissenting.
I respectfully dissent. The wife filed her request for modification prior to the expiration of the ten-year termination time. The settlement does not contain an expressly stated waiver of the right to modification. An agreement to waive the right to modification of alimony "must be specifically expressed by clear language evincing an intent to waive all such rights in the future." Newsome v. Newsome, 456 So.2d 520 (Fla. 1st DCA 1984). No provision of the Cunningham Agreement states expressly or evinces the intent of either party to forego any right to modification of the alimony provision.
The trial court in its sound and equitable discretion, by the modification order, in effect retained jurisdiction to address modification at a future date if the circumstances should warrant. The parties' agreement provides that the husband's obligation to continue to pay alimony following the majority of the child will terminate "assuming that the wife has not been disabled so as to prevent her from earning such income at that time."
The trial court's modification order, it appears to me, logically considers the subsequent unexpected discovery of cancer cells. It puts the court's imprimatur on and carries forward the parties' earlier expressly stated intention that the wife may be awarded alimony if she happens to become disabled so as to prevent her from earning such income. I would affirm.