571 So.2d 522 (1990)
Dorcas Irene TONNELIER, the Former Wife, Appellant,
v.
Thomas Henry TONNELIER, Former Husband, Appellee.
No. 90-281.
District Court of Appeal of Florida, First District.
December 5, 1990.
Rehearing Denied January 15, 1991.
N. Albert Bacharach, Jr., Gainesville, for appellant.
H. Stephen Pennypacker, Gainesville, for appellee.
WIGGINTON, Judge.
The wife appeals from the trial court's order denying her second supplemental petition *523 to modify the final judgment of dissolution of marriage by converting her rehabilitative alimony to permanent periodic alimony. We reverse.
The parties' marriage was dissolved by final judgment on June 8, 1984. The final judgment provided, in part, for the wife, who was then 45 years old, to receive $500 per month in permanent periodic alimony and $1,000 as rehabilitative alimony for a period of three years. In a subsequent order filed February 1, 1988, on the wife's motion for modification, the court found that the rehabilitation plan was thwarted by intentional acts of the former husband, rendering the wife incapable of completing the rehabilitation which was necessarily to have been accomplished under the final judgment. Consequently, the court extended the period of rehabilitative alimony for an additional 18 months.
Thereafter, on July 18, 1989, the wife filed a second supplemental petition to modify the final judgment alleging that her rehabilitative period was about to expire, that she had not achieved the rehabilitation contemplated by the final judgment, and that as a result thereof, her rehabilitative alimony should be converted to permanent periodic alimony. At the hearing before the court, the wife testified that at the time of the final judgment of dissolution, she was a real estate broker and that she and a partner had owned a real estate brokerage company. However, she no longer owned the company and had not owned it for about four years. She currently was working as a real estate salesperson for another real estate company, but since the interim order of modification, she had only worked a total of three or four weeks. She further explained that during the period of extended rehabilitative alimony, she cared for the parties' terminally ill daughter who died on October 11, 1989, two months before the hearing. The daughter had been diagnosed with cancer in June 1987, and the wife cared for her and her child from that time until the daughter's death. She testified that during the last few months prior to her daughter's death, the wife provided 24-hour per day assistance.
Also testifying at the hearing was the wife's psychologist who opined that the wife is suffering from major depression of a recurrent nature, a generalized anxiety disorder, and a somatization disorder. It was also revealed that the wife displays character traits and symptoms consistent with dependent, histrionic, and narcissistic personality disorders. The doctor testified that although the wife probably has had significant psychological problems through much of her life, they were masked by the superficiality of her home life and life-style that gave her some sense of support. However, the several crises in her life since the divorce forced her to panic, overreact, and become diffused, leading to difficulty in constructive problem solving. He testified the wife has continued to function with a fairly high level of anxiety which probably has impeded to some degree her ability to engage and generate more focus to her efforts.
In its order denying the wife's supplemental petition to modify, the trial court found that the wife failed to meet her burden of proof necessary to modify the final judgment and also failed to show justification for extending her rehabilitative alimony. Additionally, the court noted that as to the wife's petition for attorney's fees, neither party was well situated to afford fees and therefore each should be responsible for payment of his or her own fees.
We must agree with the wife that the trial court abused its discretion in denying her petition for modification. In arriving at its decision, the trial court appears to have expected the wife to have shown a change of circumstances in order to entitle her to conversion of her rehabilitative alimony when the court observed in its order that "there is no evidence of anything new having taken place to show why the contemplated rehabilitation has not taken place" [emphasis added]. However, it was error for the court to consider only the "change in circumstances" test. Newsome v. Newsome, 456 So.2d 520 (Fla. 1st DCA 1984). As was held in O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982), the court, in determining whether to modify a *524 rehabilitative alimony award, should consider the original trial court's objectives for rehabilitation and whether the party seeking modification achieved those objectives. The court should also consider whether there is a reasonable likelihood that the party can maintain that ability of self-support in view of his or her age and foreseeable physical condition. Additionally, a petition for modification of rehabilitative alimony "should be granted if the petitioner shows that he or she made diligent efforts to become rehabilitated, and despite these efforts, substantial rehabilitation has not occurred." Gardner v. Edelstein, 561 So.2d 327, 329 (Fla. 1st DCA 1990).
In the instant case, the trial court observed that if clear evidence had been presented to it "that the original rehabilitation plan has been thwarted by circumstances beyond the control" of the wife, it would have been justified in extending rehabilitative alimony. We disagree with the trial court that the wife failed to meet her burden in that regard, concluding that the court should have given the wife more credit for nursing her daughter through her daughter's terminal illness. We consider that period of time clearly to be evidence showing that through no fault of her own, the wife was unable to rehabilitate herself. The wife's evidence in this regard has shown that she simply cannot at the present time "go it alone," without the assistance of alimony. Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981).
Consequently, we reverse the order of the trial court denying the wife's petition for modification. On remand, the trial court may consider whether to extend rehabilitative alimony or to convert the rehabilitative alimony to permanent periodic alimony. In this regard, the court may consider further evidence of the wife's need for alimony and her progress toward rehabilitation. Additionally, since we are reversing the court's denial of the wife's petition for modification of her rehabilitative alimony, we also reverse its denial of her request for fees and remand that issue as well for reconsideration.
REVERSED and REMANDED for further proceedings consistent with this opinion.
MINER and WOLF, JJ., concur.