PER CURIAM.
In this appeal, the former husband challenged the trial court’s modification order 1) converting the former wife’s original award of rehabilitative alimony to permanent periodic alimony, 2) retroactively increasing the former husband’s child support obligation to $775.00 a month for each of the parties’ two minor children ($1,550.00 a month total), and 3) obligating the former husband to reimburse the former wife for reasonable medical expenses. The former wife cross-appealed the order awarding her two-thirds rather than the full amount of her trial attorney’s fees. Finding no abuse of discretion, we affirm the modified award of permanent alimony, see section 61.08(2)(f), Florida Statutes (1991), and Tonnelier v. Tonnelier, 571 So.2d 522 (Fla. 1st DCA 1990); and affirm the award of an increase in child support, retroactive to the date of filing the motion for modification. Section 61.30, Fla.Stat. (Supp.1992); Miller v. Schou, 616 So.2d 436 (Fla.1993); Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992). Likewise, we affirm the award of $4,003.15 in medical expenses, which is supported by competent substantial evidence in the record.
We find merit in the former wife’s argument on cross-appeal that she is unable to pay her trial counsel’s fees. Accordingly, we reverse the order awarding her only two-thirds of her attorney’s fees, and remand for the trial court either to award her the entire amount, or else to state reasons justifying the challenged award in light of the evidence of the former husband’s superior income and the former wife’s lack of sufficient assets (other than income from alimony payments) to pay attorney’s fees. Lozano-Ciccia v. Lozano, 599 So.2d 718 (Fla.3d DCA 1992) (given *639 great disparity in parties’ incomes, trial court reversibly erred in ordering husband to pay only one-half rather than entire amount of wife’s attorney’s fees); Askegard v. Askegard, 584 So.2d 47 (Fla. 1st DCA 1991); White v. White, 575 So.2d 767 (Fla.2d DCA 1991) (reversing award of only 70% of wife’s attorney’s fees and ordering husband to pay entire amount, where wife’s income was not substantial and circumstances would have required her to dip into rehabilitative alimony to pay counsel). We do not disturb the unchallenged provisions of the modification order.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ZEHMER, C.J., and WOLF and MICKLE, JJ., concur.