648 So.2d 817 (1995)
Jerry TUBBS, Appellant,
v.
Betty TUBBS, Appellee.
No. 93-0654.
District Court of Appeal of Florida, Fourth District.
January 4, 1995.
Rehearing and/or Clarification Denied February 10, 1995.
Ronald Sales of Law Office of Ronald Sales, P.A., West Palm Beach, for appellant.
Martin L. Haines, III, of Martin L. Haines, III, Chartered, Lake Park, for appellee.
HERSEY, Judge.
During the course of dissolution of marriage proceedings the parties participated in mediation. The mediation conference resulted in a handwritten settlement agreement which was signed by both parties, their respective attorneys, and the mediator. A few weeks after the mediation, the wife changed counsel and she refused to execute a typewritten copy of the settlement agreement. The husband filed a motion to enforce the mediation settlement. The trial court denied the husband's motion and the matter went to final hearing on the various issues created by the pleadings in the dissolution action. The husband appeals the final judgment resulting from that hearing, asking this court to consider eight separate issues. We consider only one as its resolution moots the others.
The trial court found that the wife signed the agreement voluntarily and with full understanding of the contents of the agreement and that the agreement was reached without fraud, deceit, duress, coercion, misrepresentation, or overreaching on the part of either party. The court also found that the wife was assisted by a CPA and an attorney in the settlement negotiations. However, the court found that the settlement agreement made an unreasonable and unfair distribution of marital assets since the husband would receive assets worth $391,000.00, while the wife would receive assets worth $203,000.00. The court also found the settlement unreasonable *818 because the alimony was inadequate and would terminate in under seven years. The court found that this unfair distribution raised the presumption that the husband concealed assets or that the wife lacked knowledge of the value of such assets, and that the husband had failed to rebut the presumption. In reaching its decision, the court noted that the husband's claimed salary seemed disproportionately low in light of the parties' assets, indicating a possibility that the husband had unreported income or other assets not mentioned in the agreement.
Appellant argues that the trial court erred in setting aside the parties' settlement agreement on the basis that it was unreasonable and that the husband had failed to rebut the presumption of concealed assets or lack of knowledge, which arose from such unreasonableness. The appellant claims that the trial court's finding that the presumption had not been rebutted was not supported by the evidence which clearly showed that the wife was familiar with the family finances.
The Florida Supreme Court in Casto v. Casto, 508 So.2d 330, 333 (Fla. 1987), set out two separate grounds upon which a postnuptial agreement regarding alimony and marital property can be set aside or invalidated:
First, a spouse may set aside or modify an agreement by establishing that it was reached under fraud, deceit, duress, coercion, misrepresentation, or overreaching. The second ground to vacate a settlement agreement contains multiple elements. Initially, the challenging spouse must establish that the agreement makes an unfair or unreasonable provision for that spouse, given the circumstances of the parties... . Once the claiming spouse establishes that the agreement is unreasonable, a presumption arises that there was either concealment by the defending spouse or a presumed lack of knowledge by the challenging spouse of the defending spouse's finances at the time the agreement was reached. The burden then shifts to the defending spouse, who may rebut these presumptions by showing that there was either (a) a full, frank disclosure to the challenging spouse by the defending spouse prior to the signing of the agreement relative to the value of all the marital property and the income of the parties, or (b) a general and approximate knowledge by the challenging spouse of the character and extent of the marital property sufficient to obtain a value by reasonable means, as well as a general knowledge of the income of the parties. The test in this regard is the adequacy of the challenging spouse's knowledge at the time of the agreement and whether the challenging spouse is prejudiced by the lack of information.
Id. (citations omitted). The supreme court in that case upheld the trial court's invalidation of a postnuptial agreement because it found that the record supported the trial court's finding that the husband's conduct caused the wife to involuntarily enter into the agreement. Id. at 334-335.
The fact that one party to the agreement apparently made a bad bargain is not a sufficient ground, by itself, to vacate or modify a settlement agreement. Casto, 508 So.2d at 334; Micale v. Micale, 542 So.2d 415, 417 (Fla. 4th DCA), rev. dismissed, 548 So.2d 663 (Fla. 1989); Cladis v. Cladis, 512 So.2d 271, 274 (Fla. 4th DCA 1987). Nor is the fact that the complaining party has received incompetent legal advice a basis for vacating an agreement in a dissolution proceeding. Casto, 508 So.2d at 334; Cladis, 512 So.2d at 274.
In Brighton v. Brighton, 517 So.2d 53 (Fla. 4th DCA 1987), rev. denied, 528 So.2d 1181 (Fla. 1988), the trial court set aside the parties' property settlement agreement on the basis that the agreement was unconscionable and unfair to the husband. Id. at 55. This court reversed the order setting aside the agreement, finding that where the wife established that the husband did in fact have adequate knowledge of the marital property and the income at the time the agreement was reached, this knowledge defeated the husband's attempt to set aside the agreement on the grounds that it was unreasonable. Id. at 55-56.
In Cladis, a dissolution of marriage proceeding which involved the validity of an antenuptial, rather than a postnuptial, agreement, *819 the trial court set aside the agreement on the basis that it was unfair and inequitable to the wife. 512 So.2d at 272. The Fourth District held that the trial court erred in setting aside the agreement finding that the presumption of concealment or lack of knowledge raised by the unreasonableness of the agreement was rebutted by the conceded fact that the wife had full and complete knowledge of the husband's finances. Id. at 274.
In the instant case, the settlement agreement does appear to have been somewhat slanted in favor of the husband since, under the agreement, the wife would only receive 34% of the marital assets and would receive alimony for only seven years. However, the wife was represented by counsel and she hired a CPA who had valued the marital assets prior to the mediation negotiations. Although the wife testified that the husband's valuation of the business was used for purposes of the settlement agreement, this valuation was very close to the trial court's valuation in its final judgment. The test of Casto was not met here.
We therefore reverse and remand with instructions to grant appellant's motion to enforce the settlement agreement and for such further proceedings as may be appropriate.
REVERSED AND REMANDED.
STONE and KLEIN, JJ., concur.