650 So.2d 662 (1995)
Margaret A. TAYLOR, Appellant,
v.
Larry D. TAYLOR, Appellee.
No. 94-247.
District Court of Appeal of Florida, First District.
February 9, 1995.
Rehearing Denied March 7, 1995.
*663 Tann H. Hunt, Tallahassee, for appellant.
Cheryl L. Gentry, Tallahassee, for appellee.
WOLF, Judge.
The former wife appeals a final order entered by the trial court pursuant to a petition by the former wife to enforce and modify child support and the parenting arrangement. We affirm as to two of the points raised by the former wife: (1) Whether the trial court erred in refusing to modify the final judgment which was entered pursuant to a mediated agreement of the parties, and (2) whether the trial court erred in changing the primary residence of one of the minor children. We find no error in the trial court's determination as to custody and affirm without further discussion.
The issue concerning modification of the settlement agreement in reality involves two separate challenges. Appellant first asserts that it was error to allow testimony concerning discussions which occurred during the mediation process. We find that it was proper for the trial court to allow the former husband to testify about the mediation proceeding where the former wife sought relief from the plain terms of the settlement agreement based on her allegation that the illness of the minor daughter was unanticipated at the time the settlement agreement was executed. A party seeking relief from a written settlement agreement on the basis of his or her intent and thoughts at the time the agreement was entered into may not assert that matters discussed during the negotiations of that agreement are privileged. McKinlay v. McKinlay, 648 So.2d 806 (Fla. 1st DCA 1995). The former wife further asserts that the trial court erred in failing to modify the terms of the settlement agreement negotiated by the parties. We find no error. Tubbs v. Tubbs, 648 So.2d 817 (Fla. 4th DCA 1995).
As to the final two issues, we must reverse. The trial court awarded the former wife less than one-fourth of her attorney's fees and costs. Because of the vast difference in the resources of these parties, this was error. See Dinsmore v. Dinsmore, 623 So.2d 638 (Fla. 1st DCA 1993); Kuczwanski v. Kuczwanski, 602 So.2d 623 (Fla. 4th DCA 1992). We reverse the award of attorney's fees and remand to the trial court for further proceedings as to this issue.
Appellee also concedes that the trial court erred in requiring the wife to pay a portion of the orthodontia expenses. Upon remand, the trial court shall correct the order to reflect that the father is responsible for the son's orthodontist expenses as agreed by the parties.
ERVIN and MINER, JJ., concur.