PER CURIAM.
We sua sponte consolidate these appeals for purposes of ultimate disposition.
First, appellant appeals an order finding him in contempt for failure to relinquish possession of the parties’ home in the Bahamas, which home was awarded to appellee as a result of a final judgment of dissolution. In Tubbs v. Tubbs, 648 So.2d 817 (Fla. 4th DCA 1995), this court reversed the final judgment of dissolution and reinstated the handwritten mediation agreement signed by both parties. Under the terms of the handwritten agreement, appellant was to retain possession of the home.
In Waltham A. Condominium Ass’n v. Village Man., Inc., 330 So.2d 227, 234 (Fla. 4th DCA 1976), the court noted that if a party proceeded with enforcement by contempt of an interlocutory order under appeal, they ran the risk of having the enforced compliance with the order “undone” if the appellate court determined that such order had to be reversed. Since in the case at bar this court reversed the final judgment awarding the Bahamian home to appellee, and instead found that the home was to be awarded to appellant, the enforced compliance with the now overturned final judgment should be “undone” by the trial court.
Additionally, appellant challenges an order awarding temporary appellate fees to appellee, as well as an order of contempt for failure to pay the temporary fees. The settlement agreement which this court reinstated in Tubbs indicated that the parties agreed to pay their own attorney’s fees and costs. Whether the parties intended for attorney’s fees and costs to encompass appellate fees and costs is a question for the trial court. If the trial court finds that the agreement was not meant to encompass appellate fees, the order awarding temporary appellate fees and the order of contempt is affirmed.
REVERSED AND REMANDED.
HERSEY, WARNER and POLEN, JJ., concur.