BOOTH, Judge,
concurring in part and dissenting in part.
I concur with the majority’s decision to reverse and remand for recalculation of child support and reconsideration of the denial of-Former Wife’s attorney fees. I dissent, however, from the decision to affirm the termination of Former Wife’s rehabilitative alimony.
In terminating Former Wife’s rehabilitative alimony and denying her petition to convert same to permanent alimony, the trial court appears to have based its ruling on one finding, to wit: that Former Wife’s involvement in the care of her sickly father and the parties’ disabled adult son was unnecessary. Although this finding may be significant to a determination of Former Wife’s effort to rehabilitate herself, it is not wholly dispositive of the issue of modifying rehabilitative alimony. Dispositive of the issue are the factors set out in Tonnelier v. Tonnelier, 571 So.2d 522 (Fla. 1st DCA 1990). The trial court failed to address those factors. The court should have considered the original trial court’s objectives for rehabilitation and whether Former Wife achieved those objectives, whether there was a reasonable likelihood Former Wife could maintain the ability of self support in view of her age and physical condition, and whether Former Wife made a diligent effort to become rehabilitated but, despite such effort, failed. See Tonnelier, 571 So.2d at 523-524.