DELL, Judge.
The trial court incorporated Filip and Esperanza Filipov’s marital settlement agreement into its final judgment of dissolution of marriage. Appellee filed a petition for relief from judgment or alternatively a petition for modification and enforcement of the marital settlement agreement. The trial court granted appellee’s petition for modification and ordered appellant to pay $3,251.00 a month as periodic alimony. The trial court also awarded appellee $46,505.00 in alimony arrearages, $1,200.00 in child support arrear-ages, and attorney’s fees. It denied appellant’s claim for set-offs for car and rent payments of $17,117.95.
Appellant raises three issues on appeal, and appellee cross-appeals the amount awarded as attorney’s fees. We affirm the final judgment and the attorney’s fees award. Appellant’s argument that the trial court erred when it modified his obligation to make periodic payments to appellee merits discussion.
The settlement agreement incorporated in the final judgment addressed jurisdiction over the parties, division of the parties’ property, and child support. It also provided for periodic payments to appellee of $2,000.00 a month for five years, to be followed by payments of $1,500.00 a month for an additional five years. Payments were to terminate if appellee remarried or entered into a marriage-like relationship. The agreement provided that it could “not be modified except by written agreement signed by both parties.”
In 1991, appellee asked appellant to modify the agreement to provide her with more security after the expiration of the second five years of periodic payments. Appellant subsequently executed and delivered a handwritten document to appellee:
This is to serve as a further agreement to the agreement to purchase real estate and perform various other actions signed by Filip Filipov and Esperanza Filipov on October 1989.
Filip hereby agrees to the following addition to item 3 of the original agreement:
Filip agrees to continue the support of Esperanza after the second five year period and pay the sum of $1500.- per mo[nth] (fifteen hundred U.S. dollars) for the rest of her life if:
(1) she does not remarry.
(2) does not enter into a marriage-like relationship
(3) does not try to use Filipf’s] credit lines or credit cards.
(4) change her name (drop Filipov)
(5) make every effort to hold a meaningful job.
(6) without any threats [sic] of coercions.
(7) this agreement will not be transferra-ble in case of her death.
Four years later, appellee filed a petition for relief from judgment or alternatively a petition for modification and enforcement of the marital settlement agreement. Appellant responded that he paid all amounts required pursuant to the original agreement, denied that the monetary obligations were alimony, and argued that the 1991 modification was ineffective because appellee failed to sign the agreement. During the hearing on appellee’s petition for modification, she testified that she called appellant and accepted his written modification. Appellee also presented evidence that she performed each of the conditions of the modification except for dropping the name Filipov. The trial court granted appellee’s petition and ordered appellant to pay $3,251.00 a month in alimony after finding that
*1084 the parties’ original agreement ... permitted the parties to modify same.... [T]he agreement provided:
This agreement is entered into by and between the parties freely and voluntarily without any threats (sic) of coercions, and after consultation with such legal or financial advisors as each has chosen. It is the complete agreement between them and may not be modified except by written agreement signed by both parties.
Thus, it is readily apparent from said language that the parties intended to leave open the possibility of modification at a later time.
(emphasis in original). The trial court also concluded that the parties entered into an enforceable agreement that “basically converted the parties’ original lump sum alimony award to a permanent periodic alimony award.”
Appellant contends that the payment obligations under the original settlement agreement constituted non-modifiable lump sum alimony, the agreement was a pure property settlement, and the 1991 modification agreement was not enforceable because appellee failed to sign it. Appellant also contends that the trial court erred when it modified the periodic payment provision of the parties’ original agreement because appellee waived her right to seek judicial modification when she agreed that it could only be modified by written agreement signed by both parties.
The parties and the trial court have characterized the periodic payments in the original settlement agreement as lump sum alimony. The agreement provided,
Commencing with the commencement of the divorce action in the State of Florida by Esperanza, Filip will begin making monthly payments to her in the sum of $2,000 per month for a maximum period of five years, and thereafter the sum of $1,500 per month for an additional five years. These payments shall terminate in the event that Esperanza terminates the divorce action prior to a judgment of divorce, or remarries, or enters into a marriage-like relationship.
In Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982), this court considered a similar provision for monthly payments to the wife and concluded,
We recognize that paragraph 10b does not mention “alimony”; however, the use of this term alone is not conclusive evidence of the parties’ intent, but merely an indici-um of it. More significant are the facts that the payments were to terminate upon appellant’s death or remarriage, and that both parties consistently treated the payments as alimony on their individual federal income tax returns. The deduction by appellee of the payments was permissible only if the payments were alimony and not part of the property settlement agreement.
Id. at 34 (citations and footnotes omitted). In Newsome v. Newsome, 456 So.2d 520 (Fla. 1st DCA 1984), the First District Court of Appeal stated,
The test for determining whether alimony provisions are nonmodifiable lump-sum alimony has been succinctly described in 25 Fla. Jur.2d, Family Law, section 449:
A lump-sum alimony award discharges the payor from further liability for the recipient party’s support. An award of lump-sum alimony vests in the recipient at the time of the final decree of dissolution and is not subject to defeasance or modification. Lump-sum alimony is essentially payment of a definite sum and is in the nature of a final property settlement; hence, an award of lump-sum alimony creates a vested right which survives death and is not terminable on the recipient party’s remarriage.
Id. at 521-22. We conclude, as the courts did in Wolfe and Newsome, that the original agreement provided for the payment of periodic alimony and not lump-sum alimony. We also reject appellant’s argument that the settlement agreement constituted a pure property settlement.
We agree with the trial court’s finding that the parties entered into an enforceable modification of the original agreement. We are not persuaded by appellant’s argument that the modification agreement could not be enforced because appellee failed to sign it.
*1085 [Where] there is substantial, competent evidence in the record to support the [trial court’s] finding that there was an oral modification agreement^] ... this finding should not be disturbed. ... [E]ven though the written agreement had a provision that provided it could not be modified except by subsequent written agreement, the parties by their actions could either waive their rights thereunder or orally modify same.
Wiener v. Wiener, 343 So.2d 1319, 1322 (Fla. 3d DCA 1977) (citations omitted). The record contains sufficient evidence to support the trial court’s enforcement of the agreement based upon appellee’s oral acceptance and substantial performance of its conditions.
Even though we have concluded that the original agreement provided for the payment of periodic alimony and that the 1991 modification agreement converted the payments to permanent periodic alimony, we must address appellant’s contention that ap-pellee waived the right to seek judicial modification of the alimony provision. Appellant cites Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA), rev. denied, 392 So.2d 1381 (Fla. 1980), in support of his argument that appel-lee is bound by her stipulation in the original agreement that it “may not be modified except by a written agreement signed by both parties.” The unequivocal language of the agreement considered in Turner expressed the parties intent to waive their right to seek a modification of alimony: “It is the intent of the parties that each shall waive, and each does hereby waive, any right to apply for an increase or decrease in the permanent alimony provided by this Agreement....” Id. at 703. In Turner, we concluded “that there are no public policy reasons which prevent a party from waiving either the right to alimony in the first instance or the right to subsequently obtain modification of alimony.” Id. However, in Turner, the parties “by their own agreement, conclusively and finally waived the right to petition for modification.” Id. at 704.
In Cunningham v. Cunningham, 499 So.2d 880 (Fla. 1st DCA 1986), the district court stated,
It is well-established that the statutory right to petition for modification of an alimony award may be intentionally or impliedly waived and that the waiver may be stated in express terms or through interpretation of the agreement as a whole. Viewed as a whole, the language used in this agreement indicates a clear intention by the parties that the agreed-upon provisions for alimony would be controlling, and that its terms would be modifiable only as authorized therein.
Id. at 882. (citations omitted). The court concluded that the parties waived the right to seek modification of alimony because “[t]he agreement specifically states that ‘in all events, alimony shall completely terminate ten (10) years from date hereof and that the ‘rights, obligations, past, present or future, of either party with respect to the other, be finally and conclusively settled by this Agreement.’” Id.
Here, the modification provision contained in the original settlement agreement does not mention alimony, expressly waive appellee’s right to petition for modification of alimony, nor does it communicate a clear intention that the alimony provision in the agreement would be controlling and its terms could not be modified. As expressed by Judge Shivers in his dissenting opinion in Cunningham,
An agreement to waive the right to modification of alimony “must be specifically expressed by clear language evincing an intent to waive all such rights in the future.” Newsome v. Newsome, 456 So.2d 520 (Fla. 1st DCA 1984).
499 So.2d at 883.
We hold that the general language in the agreement did not prohibit appellee from petitioning for modification of the agreed-upon alimony provisions, and it did not constitute an express or implied waiver sufficient to preclude the trial court from modifying appellant’s alimony obligation. Accordingly, we affirm the final judgment and the amount of attorney’s fees awarded to appellee.
AFFIRMED.
WARNER and KLEIN, JJ., concur.