PER CURIAM.
Mark A. Dienstag appeals from a final judgment in which the trial court awarded alimony to his wife, appellee Karen R. Dienstag. The wife cross-appeals the grant of ultimate authority to decide issues relating to the child’s medical well being to the husband. The wife also appeals her attorney’s fees award. We reverse the alimony award because it is contrary to the express words of the parties’ pre-nuptial agreement and affirm the final judgment in all other respects.
The parties married on February 18, 1993. One child was born of the parties’ marriage on June 14, 1997. The parties separated on January 25, 2001. Prior to the parties’ marriage to one another, they lived together for approximately two years. On the same day on which the parties married, they entered into a prenuptial agreement. The agreement contains a provision in which the parties agree to waive all alimony. The provision states:
Both Karen and Mark waive all rights to rehabilitative lump sum, temporary or permanent alimony of any kind in nature with the following exceptions.
*10 a) If Karen becomes permanently disabled and Mark seeks a divorce.
b) If Karen has children and has not worked for a substantial period of time in order to raise the children a reasonable period of rehabilitative alimony may be paid for a period of time not exceeding 3 years.
c) If Mark seeks a divorce from Karen after she is fifty years of age and Karen has not worked for at least two preceding years.
d) Said alimony as.may be awarded by the court shall take into account the distribution of assets and the proximity of Mark’s retirement but in no event shall the alimony payments exceed on a year to year basis 35% of Mark’s disposable income including any income received from inheritance.
The agreement also contains a provision that addresses the husband’s financial situation.
On February 1, 2001, the husband fled his petition for dissolution of marriage in which he sought specific enforcement of the provisions of the pre-nuptial agreement and to be designated the primary residential parent. The wife also sought primary residential custody of the child with sole responsibility over health and educational issues until the child reached junior high school, otherwise for shared parental responsibility, and an award of temporary, permanent, rehabilitative alimony and/or “bridge the gap” alimony.
The trial court entered a final judgment of dissolution of marriage on December 24, 2001. The final judgment awarded the parties shared parental responsibility, designated the wife as primary residential parent, granted the husband ultimate authority on issues relating to the child’s well-being, and ordered the husband to pay “bridge the gap” alimony in the amount of $1,000 per month for twenty-four months. The court also found that the wife had a need for the payment of attorney’s fees and the husband had an ability to pay.
The wife subsequently moved for attorney’s fees, costs and to adjudicate a charging lien. On April 15, 2002, the trial court awarded some of the wife’s attorney’s fees because of the husband’s “continued tactics of engaging in vexatious litigation,” but did not award her attorney’s fees for litigating the charging lien.
Pre-nuptial agreements are valid and can constitute a legal waiver of a party’s right to alimony. See Belcher v. Belcher, 271 So.2d 7, 9 (Fla.1972). Florida courts have consistently upheld waivers of alimony provided that the waivers are stated in express terms. See Cunningham v. Cunningham, 499 So.2d 880, 882 (Fla. 1st DCA 1986). The wife need not have full knowledge of the husband’s worth prior to signing the document. See § 732.702(2) Fla. Stat. (2003); Estate of Roberts v. Roberts, 388 So.2d 216, 217 (Fla.1980). Even so, the former wife in this case was informed as to the husband’s financial status because the agreement states the husband’s assets and liabilities. The parties also lived together for at least two years prior to their marriage.
The wife alleges that “bridge the gap” alimony was correctly awarded because it fell within exception d) of the agreement. However, section d) is more of a limitation of the other three sections rather than an exception. Section d) limits the alimony to be awarded under exceptions a), b) and c) to “35% of the husband’s disposable income including any income received from inheritance.” An interpretation of the contract as a whole concludes that section d) cannot possibly be a fourth exception which would open a closed door and allow the trial court to award the wife *11 a sum of money under the name of “bridge the gap” alimony. To hold otherwise usurps the clear intention of the parties at the time in which they ¡entered into the agreement, and imposes a modification on the agreement not contemplated by the parties.
Although section 61.08, Florida Statutes (1997), grants the trial court the power to award the wife alimony in dissolution proceedings, it does “not exist to displace nuptial agreements; rather the statutes exist to set the principles when there is no agreement.” Hannon v. Hannon, 740 So.2d 1181, 1187 (Fla. 4th DCA 1999). Whether the terms of the agreement are fair is of no consequence providing that the wife entered into the contract freely and voluntarily. See Del Vecchio v. Del Vecchio, 143 So.2d 17, 20 (Fla.1962). During the trial, the wife did not contest the validity of the agreement nor did she allege that she lacked an understanding of the agreement prior to signing it. Thus, there is no reason whatsoever to revoke a valid pre-nuptial agreement.
We further find no abuse of discretion in the trial court’s award to the husband of the ultimate authority to decide the medical issues of the child. Therefore, we reverse the award of alimony and remand the case for further proceedings consistent with this opinion, and affirm the final judgment in all other respects.
Reversed in part and affirmed in part.