WARNER, J.
The wife appeals an order denying her motion to hold the former husband in contempt for failure to pay child support. We affirm the denial, as the trial court did not abuse its discretion. The order on which the wife relied did not provide a specific ongoing amount of child support, and, in any event, the parties modified their custody and support arrangement to exclude the payment of child support.
In order for the trial court to find the former husband in contempt, the former wife must first prove that there was a prior order directing payment of support which was entered and that the contemnor has failed to pay the support set forth in the order. Fla. Fam. L.R.P. 12.615(c). The former wife failed to prove this first issue. She tried to enforce an order approving a mediated settlement agreement entered in 2000. That order required the father to pay child support in the amount of $1,150 until January 2001, at which time the amount would be recalculated. As the order established no support amount beyond January 2001, it did not fulfill the *1177 requirement of a prior order directing payment of support, nor could the wife show that the contemnor failed to pay the support set forth in the order.
Moreover, instead of recalculating the support, the parties agreed in 2001 to split custody of their two minor children and waive any reciprocal obligation to pay child support. Although this agreement was never reduced to a signed writing, the parties abided by it. The wife testified that there were no subsequent agreements between the parties to reinstate child support. It would be inequitable to hold the father in contempt where the wife agreed that he did not have to pay child support and never demanded any until she filed her motion for contempt. See Filipov v. Filipov, 717 So.2d 1082 (Fla. 4th DCA 1998); Wiener v. Wiener, 348 So.2d 1319 (Fla. 3d DCA 1977).
The court’s denial of the contempt motion left open the right to recalculate and establish child support based upon the parties’ current financial circumstances. This was consistent with the 2000 order.
The former wife having failed to show an abuse of discretion, we affirm. We also affirm the denial of the former wife’s motion for attorney’s fees, as there was substantial competent evidence to show that the wife was in a better financial condition than the former husband.
HAZOURI and GERBER, JJ„ concur.