DAMOORGIAN, J.
In this appeal, the issue before us is whether a party to a marital settlement agreement may seek to terminate or modify an obligation to pay alimony by invoking Florida’s supportive relationship statute section 61.14, Florida Statutes (2011),[1] notwithstanding the party’s express agreement to the contrary. We hold that a party to a marital settlement agreement may not invoke Florida’s supportive relationship statute in order to modify or terminate an alimony obligation where such action is prohibited under the terms of the agreement. We affirm.
By way of background, Leroy Smith filed a petition to terminate his alimony obligation on the grounds that his former wife, Mary Smith, was in a supportive relationship as defined under Florida’s supportive relationship statute. § 61.14(l)(b)l. Mary Smith responded to the petition by filing a motion for judgment on the pleadings, arguing that the parties’ marital settlement agreement expressly provided that the alimony obligation was “non-modifiable by the parties, in either amount or duration, regardless of any change in circumstances of either party.” The trial court granted Mary Smith’s motion for judgment on the pleadings and Leroy Smith appeals.
Florida’s supportive relationship statute section 61.14(l)(b), “is actually a codification of prior case law which held that, in post dissolution matters, cohabitation can be a basis for reduction or termination of alimony awards.” Linstroth v. Dorgan, 2 So.3d 305, 307 (Fla. 4th DCA *110 2008). Courts in this State have long recognized that the statutory right to petition for modification of an alimony award may be intentionally or impliedly waived and that the waiver may be stated in express terms or through interpretation of the agreement as a whole. Bassett v. Bassett, 464 So.2d 1203, 1205 (Fla. 3d DCA 1984). See Lee v. Lee, 157 Fla. 439, 26 So.2d 177, 179 (1946); Cunningham v. Cunningham, 499 So.2d 880, 882 (Fla. 1st DCA 1986). “[I]f the language of the agreement ‘indicates a clear intention by the parties that the agreed-upon provisions for alimony would be controlling, and that its terms would be modifiable only as authorized therein,’ then the language is sufficient to operate as an implied waiver of any other ground for modification.” DePoorter v. DePoorter, 509 So.2d 1141, 1145 (Fla. 1st DCA 1987) (quoting Cunningham, 499 So.2d at 882). Finally, “[a]n agreement which fails to make provision for unmarried cohabitation may be interpreted as precluding reduction or termination of alimony on that ground.” Id.
In this case, the parties’ agreement specifically states:
2. Said alimony shall be non-modifiable by the parties, in either amount or duration, regardless of any change in circumstances of either party.
3. This alimony shall terminate on the Husband’s death, the Wife’s death, or the Wife’s remarriage, whichever shall first occur.
Viewed as a whole, the parties’ agreement unambiguously provided that all alimony was non-modifiable and would cease only upon the occurrence of the death of either of the parties, or Mary Smith’s remarriage. To be sure, the concept of a supportive relationship as a possible termination event was something the parties could have contemplated at the time they entered into their agreement. They chose not to do so. DePoorter, 509 So.2d at 1145.

Affirmed.

GROSS, J., and HANZMAN, MICHAEL, Associate Judge, concur.

. Florida’s statute section 61.14 provides in pertinent part:
The court may reduce or terminate an award of alimony upon specific written findings by the court that since the granting of a divorce and the award of alimony a supportive relationship has existed between the obligee and a person with whom the obligee resides.
61.14(l)(b) 1., Fla. Stat.