NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JOSE ANTONIO VAZQUEZ,⁣ )
)
Appellant, )
)
v. ) Case No. 2D14-1084
)
ROSSY VAZQUEZ-ROBELLEDO, )
)
Appellee. )
_____)

Opinion filed November 5, 2014.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Nick Nazaretian, Judge.

Steven Glaros and Joy Ann Demas of
Steven Glaros and Associates, P.A., Tampa,
for Appellant.

Roddy B. Lanigan, Winter Park, for
Appellee.

SILBERMAN, Judge.

In the midst of a very contentious divorce, Jose Antonio Vazquez (the

Husband) received military orders assigning him to a post in Norfolk, Virginia. At this

point in the proceedings, the Husband had majority time-sharing with the parties' two

young children and Rossy Vazquez-Robelledo (the Wife) had limited visitation at a

supervised visitation center. It was clear that the visits with the Wife were traumatizing

the children, but it was unclear whether the trauma resulted from the alleged physical abuse by the Wife or the alleged parental alienation by the Husband. Thus, the trial court was faced with an extremely difficult decision when the Husband filed a petition to temporarily relocate with the children to Virginia. The trial court granted the petition, awarded the Wife monthly supervised overnight time-sharing, and issued rulings on other related matters. The Husband challenges portions of the trial court's order. We affirm in part and reverse in part.

The Husband did not receive a great deal of notice regarding his reassignment, and the hearings on the Husband's petition were conducted just days before the Husband's departure date. The parties' experts therefore had not had the opportunity to conduct complete evaluations of the parties. There was no dispute that the Wife's supervised time-sharing had completely broken down and that she had not had visitation for many months. Both experts agreed that the children needed additional evaluation and therapy. But the experts disagreed regarding the cause of the children's trauma. The Wife's expert testified that she had seen little indication of physical abuse by the Wife and that the children's trauma may be the result of parental alienation by the Husband. The Husband's expert testified that the traumatization may have resulted from physical abuse by the Wife.

The trial court observed that neither party had established their respective allegations of alienation or abuse. However, it determined that the evidence supported relocation and granted the Husband's petition to temporarily relocate. The court also awarded the Husband temporary majority time-sharing. The court recognized that relocation would make reunification with the Wife even more difficult so it ordered daily

phone contact between the Wife and children and awarded the Wife time-sharing for one weekend a month. The Wife's time-sharing would be supervised by the Wife's mother (the Grandmother) at her home in Orlando. The court ordered the Wife to select a counselor and schedule monthly counseling sessions with the children during her time-sharing, and it required the parties to split the costs of counseling equally. Among other things, the court also ordered the Husband to submit to a psychological evaluation, ordered the Husband to pay $500 monthly toward his share of counseling expenses for the Wife and children, and denied the Husband's request to discharge the guardian ad litem (GAL).

On appeal, the Husband argues that the trial court abused its discretion in awarding the Wife overnight time-sharing to be supervised by the Grandmother. The Husband also challenges the psychological evaluation requirement, the $500 monthly counseling payment, and the denial of his motion to discharge the GAL. We affirm the psychological evaluation requirement and the denial of the motion to discharge the GAL without further discussion. However, we reverse the award of overnight time-sharing and the $500 monthly payment requirement because they are not supported by the evidence.

Section 61.13(3), Florida Statutes (2013), provides that the primary consideration in establishing a time-sharing schedule shall be the best interests of the children. The record does not contain any evidence that the monthly overnight visits with the Wife are in the children's best interests. In fact, the record contains evidence that the children exhibited fear of the Wife, they had not seen the Wife in months, and prior supervised visits with her were difficult and generally unsuccessful. It appears that

the children were traumatized, and there is no evidence to suggest that the children could endure supervised time-sharing at the Grandmother's home for an entire weekend. Furthermore, there was no evidence as to the Grandmother's ability or desire to supervise the overnight time-sharing at her home.

As to the $500 monthly counseling payment, the order on appeal requires the Husband to make the payment "to [the] Wife's attorney's trust fund to cover his share of counseling expenses." The order finds that the Husband has the ability to pay this "security deposit" and cites section 61.13001(6)(d), as authority for this provision. The Husband argues the provision is not authorized by section 61.13001(6)(d) because the court orally declined to require the Husband to post a security bond under that provision. He also argues that there was no testimony regarding the cost of counseling to support the $500 payment.

Section 61.13001(6)(d) authorizes a court that approves a temporary relocation to "require the person relocating the child to provide reasonable security, financial or otherwise, and guarantee that the court-ordered contact with the child not be interrupted or interfered with by the relocating party." The Husband is correct that the trial court orally assured the Husband that he would not be required to post a bond under this provision. And while the court's order refers to a "security deposit" and cites to section 61.13001(6)(d), it specifies that the $500 monthly payment is for "counseling and other related costs," not security.

Regardless of whether the court mischaracterized the $500 monthly payment as a security deposit, we recognize that the court had the discretion and intended to require the Husband to pay half of the children's psychological counseling

- 4 -

fees.  See § 61.13(1)(b).  But even if the $500 monthly payment requirement was properly characterized as such, we must reverse that portion of the order because there was no evidence regarding the cost of counseling and "related costs."  See Dinsmore v. Dinsmore, 623 So. 2d 638, 638 (Fla. 1st DCA 1993) (affirming the award of $4003.15 in medical expenses because it was supported by competent, substantial evidence).

In summary, we affirm the order on appeal with the exception of the provisions awarding the Wife monthly supervised overnight time-sharing and requiring the Husband to make a $500 monthly deposit towards unknown counseling expenses. On remand, the court shall reconsider the Wife's temporary time-sharing schedule.  The court may receive additional evidence on this issue if it deems it appropriate.

Affirmed in part, reversed in part, and remanded.


WALLACE and BLACK, JJ., Concur.